NORTH CHICAGO STREET RAILROAD COMPANY

v.

JOHN F. WILLIAMS.

*Street Railroads — Negligence of— Personal Injuries — Comparative Negligence.*

1. It is negligence in a railroad company to run cars so near to obstructions that passengers or employes may, in the ordinary course of things, be hurt.

2. Where a passenger is injured while standing upon the foot-board of a street car, it is a question for the jury in an action to recover for the injury, whether he was negligent in so standing, and if he was, whether, under the doctrine of comparative negligence, such negligence barred his action.

3. In such cases it is a legitimate inquiry whether knowledge that a temporary track was nearer the side of the street than the original track had been, that telegraph poles stood along the side of the street, and that the poles were so near the track as to brush a passenger off from the foot-board of the car, was knowledge that a passenger should constantly keep in his thoughts.

4. In an action brought to recover for personal injuries suffered by a street railroad passenger while standing upon the foot-board of a car, through the alleged negligence of the company, this court declines, in view of the evidence, to interfere with the verdict for the plaintiff.

[Opinion filed June 2, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. EGBERT JAMIESON, Judge, presiding.

Messrs. W. B. KEEP and EDMUND FURTHMANN, for the appellant.

Messrs. STILES & LEWIS, for appellee.

GARY, J.   May 23, 1888, the appellee, a practicing physician and surgeon in Chicago for more than twenty-five years last past, stepped upon the foot-board of a moving open street car of the appellants, drawn by horses.   Before he had taken a seat, the forward movement of the street car brought him

into collision with a telegraph pole, standing so near the track that the space between it and different cars as they passed, varied from six to twelve inches. He was much hurt, and the amount of damages which he has recovered in this suit brought by him, is not in question.

The accident occurred on Lincoln avenue. The company was changing the system from horse cars to cable cars. The track on which the car was moving was a temporary one to operate the cars upon with horses, while a cable track was being laid. The appellee knew the fact that the track was a temporary one, nearer to the side of the street than the original track, and that telegraph poles stood along that side of Lincoln avenue. He had often ridden upon the cars on that street, and in the cars had been posted for a long time notices to passengers not to get on or off the cars while in motion. All of these circumstances made it a question of fact for the jury whether the injury was the result of negligence, and if so, whose.

That to run cars so near to obstructions that passengers or employes may in the ordinary course of things be hurt, has been several times held by the Supreme Court to be negligence. C. & A. R. R. v. Pondrom, 51 Ill. 333; I. C. R. R. v. Welch, 52 Ill. 183; C., B. & Q. R. R. v. Gregory, 58 Ill. 272; C. & I. R. R. v. Russell, 91 Ill. 298.

Getting upon the car while it was in motion had nothing to do with the event. If the appellee had been standing upon the foot-board, unable to find a seat within a crowded car, the consequence would have been the same. Not the mode of getting on, but the position of appellee after he was on, placed him in danger. If he had gone upon a standing car, it is probable that he would have been in a seat, out of danger; but if he had still stood upon the foot-board, and been hurt, it would have been a question for a jury whether he was negligent in standing there, and if he was, whether, under the doctrine of comparative negligence as established in this State, such negligence barred his action.

Under such circumstances it would have been as it is now, a legitimate inquiry, whether knowledge that the track was nearer the side of the street than the original track had been,

that telegraph poles stood along the side of the street, and that the poles were so near the track as to brush a passenger off from the foot-board of the car, was knowledge that he should constantly keep in his thoughts. Similar knowledge by employes did not prevent recoveries in the cases cited from the 52d, 58th and 91st Ill.

The verdict of the jury is not unwarranted by the evidence. The jury were correctly instructed. Indeed, the appellants make no complaint of any that were given, except of the stock instruction in cases of this character, that "if the jury believe from the evidence that the plaintiff was injured through the fault and negligence of the defendant as set forth in the declaration, and that at the time of such injury the plaintiff was in the exercise of ordinary care on his part, then they should find the defendant guilty."

In connection with the refusal of the court to instruct the jury that "if the plaintiff had no right to be where he was at the time of the accident complained of, then the defendant was not answerable for the injury, unless it was done wilfully," they complain of the instruction given, and argue that it was part of the appellee's case to prove that he was lawfully upon the car; that it was a question for the jury whether he knew of the notice posted in the cars, and that if he did know of it, then whether he became a passenger by getting on a car in motion, contrary to the terms of the notice. And they cite C., B. & Q. R. R. Co. v. Mehlsack, 131 Ill. 61. The present is another of the cases to which the remark of Judge Caton in Munn v. Burch, 25 Ill. 35, that "courts (and we add jurors) will not pretend to be more ignorant than the rest of mankind," is applicable.

No jury could be persuaded that if the appellee had remained uninjured upon the car, the conductor would not have taken his nickel. It would be unprofitable to go over the seventeen instructions asked by the appellant, and show that all the law in them applicable to the case was given, and in some particulars, in terms more favorable to them than they were entitled to.

There is no error in the record and the judgment is affirmed.            *Judgment affirmed.*