JOHN CUMMINGS *vs.* WORCESTER, LEICESTER, AND SPENCER STREET RAILWAY COMPANY.

Bristol.    March 17, 1896. — May 23, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Personal Injuries — Street Railway — Due Care — Negligence — Passenger riding on Platform of Car.*

If a person riding in the daytime on the front steps or platform of a closed street car, moving at the rate of four miles an hour, casually or momentarily turns his head or leans his body out beyond the line of the car as incident to an effort to secure a more comfortable or a safer position, he is not necessarily precluded from recovering, in an action against the railway corporation, for injuries occasioned by his head striking a post standing about three feet from the nearer rail of the car track and visible from the car for a quarter of a mile as the car approached; but, if he deliberately leans out beyond the car with his face turned in the direction opposite to that in which the car is moving, he cannot recover for such injury.

TORT, for personal injuries occasioned to the plaintiff while a passenger on the defendant's car. At the trial in the Superior

Court, before *Lilley*, J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions, which appear in the opinion.

*J. W. Cummings*, (*E. Higginson* with him,) for the plaintiff.

*A. J. Jennings & J. M. Morton, Jr.*, for the defendant.

BARKER, J. The plaintiff was a passenger riding in the daytime upon the front platform or steps of a closed street car, moving four miles an hour. His head struck a post standing about three feet from the nearer rail of the car track, and visible from the car for a quarter of a mile as the car approached. There was a conflict of evidence as to how the accident happened. The plaintiff's evidence tended to show that he was facing the platform, and was standing with one foot on the step and the other foot on the platform, his left hand holding the body rail of the car and his right hand holding the dasher rail; that he happened to turn his head in the direction in which he was going, and was instantly struck in the face by the post. On the other hand, the defendant's evidence tended to show that he was facing the street, with both feet on the lower step, his left hand on the dasher rail and his right hand on the body rail, and that he was intentionally and deliberately leaning out beyond the car and looking back in the direction opposite to that in which the car was going.

The instructions requested by the plaintiff were: " 1. Even though the jury find that the plaintiff was facing out towards the street at the time of the accident, it cannot be ruled as matter of law that he was negligent in so doing " ; and, " 2. If the jury find that the plaintiff, at the time of the accident, was looking back, they cannot condemn his act as negligent, unless they find it was such an act as a reasonably prudent man under like circumstances would not have done."

The presiding justice, after giving instructions upon care and negligence to be applied in considering the question whether the plaintiff was in the exercise of due care, read to the jury the plaintiff's first request, and stated that he had substantially given it to the jury. He then read to the jury the second request, and stated that he had given it with a qualification, which he stated, and that he now gave that request to the jury in connection with a distinction which he went on to explain.

The only exception taken was to a specific part of the charge, and to the charge in so far as it was inconsistent with the requests. If the bill of exceptions can be construed to show a refusal to give the two requests, no exception was taken to that refusal, and the requests are material only as showing the extent of the plaintiff's exceptions to the charge itself.

The charge, after explaining correctly the general rules applicable to questions of due care in the case of a passenger riding upon the platform of a street car, stated the conflict of testimony as to how the accident occurred, and then continued:

"Suppose he was standing upon the step of the car in the way in which he says he was; suppose that, as the car proceeded upon its way, he leaned out, with his head slightly projecting, or his body even beyond the line of the car, what would be the effect of that upon his right to recover here? It would be for you to say, as a matter of fact, whether it was negligent or not for him to do that thing. The general question whether or not it was negligent for him to be there at all in that position, in that place, is a question for you.

"If there was upon his part a casual, momentary leaning out, or turning of the head, such as would be incident to an effort to secure a more comfortable or a safer position upon the car, that would not, — whatever you may think of it as a question of fact, — that would not amount to such negligence in law as would preclude him from recovery, but it is a circumstance for you to consider in determining, as a question of fact, whether he was negligent.

"Now if, upon the other hand, he stood as described by the defendant's witnesses, with his left hand upon the dasher rail, and his right hand upon the rail of the body of the car, leaning out, with his face turned in the direction opposite that in which the car was going, — if he did that deliberately, then I instruct you that that would be such negligence as in law would preclude him from recovery; and it is for you to say what the fact is; and, as you see, that presents a vital question.

"You are to distinguish between the mere casual and momentary leaning out, or turning of the head, such as would be incident to an effort to secure a more comfortable or a safer position, — you are to distinguish between that and such a leaning out as has been described by the defendant's witnesses.

" If you find that he was leaning out in the manner described by the defendant's witnesses, and in the manner I have undertaken to describe more or less, seeking to give you the substance of their testimony, then I instruct you that that was such negligence as in law would preclude him from recovering."

The charge was sufficiently favorable to the plaintiff. In many instances a street car passenger, riding with part of his body projecting beyond the line of his car, cannot be held, as matter of law, to be guilty of negligence, or to have assumed the risk of contact with things outside of the car; and those questions are for the jury. See *Powers* v. *Boston,* 154 Mass. 60; *Francis* v. *New York Steam Co.* 114 N. Y. 380; *City Railway* v. *Lee,* 21 Vroom, 435; *Elliott* v. *Newport Street Railway,* 18 R. I. 707; *Dahlberg* v. *Minneapolis Street Railway,* 32 Minn. 404: *Miller* v. *St. Louis Railroad,* 5 Mo. App. 471; *Geitz* v. *Milwaukee City Railway,* 72 Wis. 307; *Summers* v. *Crescent City Railroad,* 34 La. An. 139; *Seigel* v. *Eisen,* 41 Cal. 109. This was recognized in that part of the charge in which the jury were told that, if the accident happened in the manner testified to by the plaintiff, it was a question of fact for them whether he was careful or negligent, and that a casual or momentary leaning out, such as would be incident to an effort to secure a more comfortable or a safer position, would not necessarily preclude him from recovering. But it is also true that a street car passenger may intentionally and deliberately put his head or part of his body outside of or beyond the line of the car under such circumstances and in such a manner as to make it plain that in so doing he is not in the exercise of ordinary care, and as to make it unjust not to hold that he assumes the risk. See *Butler* v. *Pittsburgh & Birmingham Passenger Railway,* 139 Penn. St. 195; *Moore* v. *Edison Electric Illuminating Co.* 43 La. An. 792.

Each case must be decided upon its own facts, and we are of opinion that if the plaintiff, substantially and in the manner testified to by the defendant's witnesses, deliberately leaned out beyond the car, with his face turned in the direction opposite to that in which the car was moving, he cannot recover for an injury received in consequence of striking his head against a post which had been plainly in sight while the car was going a quarter of a mile at a speed of four miles an hour.

*Exceptions overruled.*