## West Chicago St. R. R. Co. v. John Marks, by His Next Friend.

82b 185
82  366
82b 185
s182s 15
82   185
Case 2
106   ³104

1. RAILROAD COMPANIES—*Placing Tracks Near Obstructions.*—Where a railroad company places its tracks so near an obstruction, which it is necessary to pass, that its passengers, in getting on or off its cars, and while upon them, are in danger of being injured by contact with such

obstruction, it is a fair question for the jury, whether the company is, or is not, guilty of negligence.

2. SAME—*Permitting Obstructions Near to Tracks.*—It is inexcusable in a railroad company to permit an obstruction to stand so near its track as to render the use of the steps or running boards of its cars dangerous.

3. SAME—*Passengers Riding on the Foot-Boards.*—It is not negligence *per se*, for a passenger, under the circumstances of this case, to ride upon the foot-board, whether other passengers were riding upon it or not.

4. VERDICT—*Will Aid a Defective Statement.*—A verdict will not cure the statement of a defective cause of action, but it will aid the defective statement of a cause of action.

5. ARREST OF JUDGMENT—*After Verdict.*—After verdict, a judgment will not be arrested for any defect in the declaration, which by reasonable intendment must have been proved, or where the requisite allegation may be considered as part of what is already alleged in the declaration.

6. SAME—*For Defects in Pleading.*—Where there is a defect, imperfection or omission in a pleading, which would have been a fatal objection on demurrer, if the issue joined is such as necessarily required on the trial, proofs of the facts defectively stated or omitted, and without which it is not to be presumed that the judge would direct the jury to give, or the jury would have given, the verdict, such defect, imperfection or omission is cured by verdict.

**Action for Personal Injuries.**—Trial in the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the March term, 1899. Affirmed. Opinion filed April 11, 1899.

ALEXANDER SULLIVAN, attorney for appellant; EDWARD J. MCARDLE, of counsel.

A. P. PICHEREAU and BURTON & REICHMANN, attorneys for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

The appellee was a passenger upon one of appellant's cable trains operated upon and over its Milwaukee avenue line, crossing the Desplaines street viaduct. The train consisted of a grip-car and two open trailers. He boarded the rear trailer at Randolph street and Fifth avenue, and took his place upon the foot-board of the car running along its south side, which became the west side of the car when its course was changed northwardly. The seats were all occupied,

West Chicago St. R. R. Co. v. Marks.

and the aisles and platform and foot-boards upon both sides of the car, were partly filled by people standing.

Appellee stood upon the foot-board, facing generally toward the inside of the car, and holding to the handles of the two rear seats next to him.   He had never before ridden over the viaduct, and did not know of it.   While so standing, he paid his fare to the conductor, but was not warned or notified in any way of the peculiar danger of the place in crossing the viaduct.   The conductor, testifying for the appellant, said he did not remember telling him anything about it, and (we quote from the abstract) added, "it is a very common thing to ride on the foot-board of the car; we don't say anything to them; we just let them ride there if they want to; we collect fares in the usual way; we don't tell them anything about this viaduct they're approaching."

In crossing the viaduct, appellee was struck by one of the upright iron posts or braces of the truss, first on the left shoulder, and, being partly turned around by its force, was then struck on the right shoulder, and then losing his grasp on the seat handles, fell, but again caught some other part of the car and was drawn along, his feet dragging, until finally he lost all hold and fell, and for his injuries this suit was brought.   His right collar-bone was broken, and he was otherwise bruised.   The verdict and judgment were for $1,500.

There is substantially no conflict concerning the manner of the accident.   The distance of the car from the projections of the truss is in dispute, but it only varies seven inches, and the variation may, perhaps, arise from the different parts of the car measured from.   The greatest measurement is nineteen inches, and the least twelve inches. Whatever the exact distance may be, it was testified by several witnesses that for a person riding upon the foot-board, as appellee was, it was necessary, in order to avoid getting hit, to use extra precautions.

Three of appellant's witnesses testified upon cross-examination, concerning the subject.   One of them said: "You had to bend your body when you passed over; you have to

bend in toward the car; you have to bend your whole body in order to prevent yourself from getting hit."

Another of them testified: "There was no danger riding over that viaduct (on the foot-board) if you knew the center brace was there; by simply pushing your body in toward the body of the car you could avoid the viaduct very easily; you could stand straight while this car passed and not get touched — standing straight on the side * * * you could stand that way, but you would have to nudge up against the side of the car; you would have to nudge in." Another of them testified: "There wasn't any danger riding on that foot-board when you knew the fact that the viaduct was there and inclined your body in toward the car to avoid it. * * * If I happen to ride on the foot-board, as I approach the viaduct I just bend my body in toward the car. That is a practice of everybody else, I should judge."

It is not necessary to repeat the testimony of appellee's witnesses upon the same subject. What was drawn from appellant's witnesses is all that is needed to show that the jury had before them enough evidence to pass upon the question whether, under the proved circumstances, the appellant was guilty of negligence, or not, in the performance of its duty to appellee as a passenger.

As said in North Chicago St. R. R. Co. v. Williams, 140 Ill. 275: "Where a railroad company places its tracks so near an obstruction, which it is necessary for its cars to pass, that its passengers, in getting on or off the cars, and while upon them, are in danger of being injured by contact with such obstruction, it is a fair question for the jury, whether the company is, or is not, guilty of negligence. * * * It has been held that it is inexcusable in a railroad company to permit an obstruction to stand so near its track as to render the use of the step or running-board dangerous to life or limb, inasmuch as exceptional cases may arise when it is lawful and proper for even a passenger to use such stepping-board."

And such doctrine must be doubly sound, when, as in this case, the company has, by persistent usage, allowed, and

tacitly invited, its passengers to ride upon the foot-boards of its cars in such perilous proximity to dangerous obstructions, without warning of the risk. As appears by the evidence in this case, the use of the foot-board was, in fact, one of the places provided by the company for its passengers to ride upon, and it was not an exceptional use of it that was made by appellee.

Moreover, the appellee testified, and he was in no way contradicted, that he was going to a part of the city in which he had never been before, and did not know of the viaduct being upon his route until he was hit.

A custom of carrying passengers, numerous of whom may be strangers, in such positions in close proximity to fixed and dangerous obstructions, without notice or warning of any kind, need not be characterized by us, for such is not our duty. It is the duty of the courts, however, to see that the rules of law applicable to carriers and passengers are not relaxed in favor of such methods.

Appellant's counsel make the point, that because of a reply by the court, in the form of an instruction, to a communication from one or more of the jury, error arose.

It was no concern of the jury, so far as this case was concerned, what relationship existed between the city of Chicago and the appellant with reference to the use of the viaduct, nor whether the tracks were laid in the place they occupied by virtue of municipal direction. If as a matter of fact it were negligence for the appellant to lay its tracks so near the truss, and to operate them there without warning to passengers, no arrangement between it and the city concerning the matter would excuse the negligence in an action for damages because of it. West Chicago St. R. R. Co. v. Annis, 165 Ill. 475; same case, 62 Ill. App. 180.

Considerable stress is laid in argument by appellant, that the appellee was guilty of contributory negligence, and therefore, ought not, in law, to recover.

And it is largely based upon the fact that appellee boarded an overcrowded car. The injury was not the proximate result of the car being overcrowded, but was because

the car was run so near to the viaduct truss, of which appellee had no knowledge or notice until after the accident. He therefore did not contribute to the proximate cause of the injury, which is a brief way of stating when the negligence of an injured person is contributory to the injury so as to preclude him from a recovery.

It was not negligence *per se*, for the appellee, under the circumstances, to ride upon the foot-board, whether other passengers were riding upon it or not. West Chicago St. R. R. Co. v. McNulty, 64 Ill. App. 549, affirmed, 166 Ill. 203.

The cases of steam railroads that are cited, are not, in numerous respects, applicable to street railroads. It was for the jury to say whether appellee had knowledge or notice of the existence of the proximate danger, or ought, under the circumstances, to have had it. We do not say that if the appellee had known of the viaduct the cars were to cross, and of the location of the tracks with reference to the truss, he would not have been bound to use more than ordinary care to avoid being hit, but we do hold that under the proved facts and circumstances, ordinary care for his own safety was all appellee was required to exercise, and that the verdict has settled that question in his favor, upon evidence that would not have properly warranted any other result.

The only remaining point we feel called upon to discuss, is that concerning the declaration, which, it is insisted, is so defective that appellant's motion in arrest of judgment should have been sustained.

We have examined the two counts of the declaration with reference to the defects that are pointed out, and while it is not improbable that if a demurrer to them had been interposed, it should, properly, have been sustained, yet we discover no deficiency in the counts or either of them that was not cured by the verdict.

A verdict will not cure the statement of a defective cause of action, but it will aid the defective statement of a cause of action. Barnes v. Brookman, 107 Ill. 317.

"After verdict on a motion in arrest of judgment, a court will intend that every material fact alleged in the declaration or fairly inferable from what is alleged, was proved on trial.   After verdict judgment will not be arrested for any defect in the declaration which, by reasonable intendment, must have been proved, or where the requisite allegation may be considered as part of what is already alleged in the declaration.   Where the plaintiff states his cause of action defectively, it will be presumed, after verdict, that all circumstances, in form and substance, to complete the title so defectively stated, were proved at the trial, as they must have been proved in order to entitle the plaintiff to recover." Cribben v. Callaghan, 156 Ill. 549.

"On behalf of appellant it is urged the motion in arrest of judgment should have been sustained on the ground there was no averment in the declaration that deceased was in the exercise of due care at the time of the accident.   Conceding the declaration to have been demurrable because of such omission, it does not follow that, after verdict, a motion in arrest of judgment based on such defect, should be sustained.   Where there is any defect, imperfection or omission in any pleading, whether in substance or in form, which would have been a fatal objection on demurrer, yet if the issue joined be such as necessarily required on the trial proof of the facts so imperfectly or defectively stated or omitted, and without which it is not to be presumed that the judge would direct the jury to give, or the jury would have been given, the verdict, such defect, imperfection or omission is cured by verdict."   B. & O. S. W. R. R. Co. v. Then, 59 Ill. App. 561; same case, 159 Ill. 535.

The motion in arrest of judgment was properly overruled.

Having considered the case fully, it remains only to affirm the judgment.   Affirmed.