Swing, J.
We think the court erred in directing the jury to return a verdict for the defendant, The evidence tended to show that the plaintiff stepped upon the running board of defendant’s car, in a proper manner, and that while attempt *538 ing in a proper manner to find a seat, was struck by defendant’s car and injured. If plaintiff boarded defendant’s car at a proper place and in a proper manner and, while engaged in a proper and careful way in finding a seat, was-struck by a passing car of the defendant, we cannot see how the court could as a matter of law say that plaintiff was guilty of contributory negligence and therefore could not. recover.
The testimony taken in its most favorable light for the plaintiff certainly tended to show, that plaintiff was not-guilty of negligence in boarding defendant’s car, as to place, time and manner; it further tended to show that he-was in a manner free from negligence endeavoring to find a seat. It further tended to show that he was struck by a car of the defendant as it came around the curve on Walnut, and Fifth streets going south on Walnut street, and that at that point the two cars came so close together that a passenger standing on the running board or step of the north bound car on Walnut street, would be struck by the car rounding the curve from Fifth on to Walnut street. Mr. Johnson in his evidence said that Mr. Kroger, a passenger,, observing the danger that the plaintiff was in, just before he was struck, attemped to leave his seat to rescue the plaintiff and placed his foot out, and that if he had not pulled it back, he would have been struck also. This tended to show that when a car came around the curve at Fifth and Walnut streets, into Walnut street, at the moment a car was passing up north on Walnut street, the cars came into very close proximity and closer than at other points along the line, and too close to permit one to remain in safety on the running board of the north bound car. It therefore became a matter to be left to the jury to determine whether the defendant was guilty of negligence in the construction of the defendant’s road or in operating its cars, so that the two cars should be brought together at this particular point, or whether the plaintiff contributed to his injury by his own conduct under the evidence as the jury should find it to be.
There was a conflict in the evidence as to the movements of the defendant, but this was not left to the jury, and up *539 on the evidence most favorable to him the court below said he could not recover.
There is a marked difference between this case and the case in 123 N. Y., 391-5, cited by the defendant in error. In that case the court based its decision on the fact that cars had been running on their tracks in the same way in which plaintiff had been injured for twenty years, and thousands of persons had ridden daily in the same way that the plaintiff was riding, and without one injury occurring. Therefore the court concluded that plaintiff must have been injured from his own misconduct, rather than from any negligence of the defendant company. If it had been shown in this case that a passenger could stand upon the running board or step of a car passing upon the north bound track on Walnut street, and not be injured by a car coming around the curve at Fifth and Walnut streets, on to the south bound track on Walnut street, that would go strongly to show that this plaintiff was not using proper care in going to his seat and was struck by the car through his own want of care; but no such showing was made. On the other hand, Johnson says that Kroger came near being hurt by putting his foot out in an attempt to rescue this plaintiff. That would certainly indicate that a passenger could not stand on this step when cars were passing this point.
It can not be that it is & general principle of law that one who is a passenger on a car, acting in a prudent and careful manner, either while seated, standing, or going to a seat, is bound to look and listen to avoid dangers from other passing or approaching cars, It must be the duty of the company to look after the safety of its passengers from dangers produced by the acts of the company, as well as from other sources which may, by the highest degree of care,be avoided.
The plaintiff was bound to use ordinary care and prudence in becoming a passenger and while he was a passenger on defendantt’s cars, and the testimony certainly tended to show that he was so acting. While the defendant was bound to use the highest degree of care used by prudent persons engaged in a like business, for the protection of its passengers. Whether the injury was caused by the fault of the *540 plaintiff or defendant was a question on the evidence to be left for the determination of the jury,
J. A. Runyan, for Defendant in Error.
Paxton & Warrington, for Plaintiff in Error.
Judgment reversed and cause remanded for a new trial.
Giffen, J., dissents.
Note — J. A. Runyan for Defendant in Error: The evidenoe shows thnt plaintiff.boarded the car from the track side while it was in motion and at a place which was not a regular place for receiving or discharging passengers, and without giving or attempting to give any signal or notice to those in charge of the car of his intention or desire to become a passenger, either before or after he boarded the car. Under these circumstances he was not a passenger thereon, within the legal sense,and was entitled to ordinary care only. Brooks v. Mt. Auburn Ry. 29 W. L. B., 50.
One of the most important rules of law touching the rights and duties of a passenger is that he shall not permit bis body to project beyond the. range of the oar. Sherman & Redf. on Negligence, 6th Ed. sec. 619 and cases cited; 175 Pa St., 122; 139 Pa. St., 195; 166 Mass. 220.