WALTER S. MOODY *vs.* SPRINGFIELD STREET RAILWAY COMPANY.

Hampden.    September 23, 1902. — October 30, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Negligence,* Contributory.    *Street Railway.    Evidence.*

A passenger who boards an open electric car in which there are plenty of vacant seats and chooses to pass along the running board while the car is in motion on the side on which other cars pass assumes the risk of injury from being struck by a car passing on the neighboring track.

In an action by a passenger for injuries while passing along the running board of an open electric car from being struck by another car on the neighboring track, evidence that the plaintiff on previous occasions had been on the running board of other cars on the side next to passing cars and had not been injured is not admissible, having no tendency to show that the plaintiff did not assume the risk of injury or that he was in the exercise of reasonable care.   So of evidence that the car that struck the plaintiff was a new kind of car and that the old cars were narrower, and also of evidence that on the car that struck the plaintiff a guard rail was used upon the side on which other cars passed.

MORTON, J.    This is an action of tort for personal injuries sustained by the plaintiff while a passenger upon one of the defendant's cars.    At the conclusion of the plaintiff's evidence the judge directed a verdict for the defendant and the case is here upon exceptions by the plaintiff to this ruling and direction and to the exclusion of certain evidence.

The plaintiff started with some friends from his home in Springfield for the union station.    They stopped one of the defendant's cars going in that direction and the plaintiff's friends

got on board.   The plaintiff walked towards the rear end of the car and, getting on to the running board, paid to the conductor the fares for his friends and himself.   The conductor started the car at or about the time that the fares were paid, and the plaintiff, desiring to take a seat with his friends, moved along the running board towards them with the aid of the grab handles.   While in this position he was struck by an approaching car on the other track and received the injuries complained of.  The plaintiff testified that no warning of the approaching car was given by a gong or signal of any kind, and that the first he knew of the approach of the car was that he was struck by it.  He also testified that the conductor said nothing to him as he started forward along the running board, or at any time before the accident.   The accident occurred June 2, 1901, about half past five in the afternoon and for some distance from the place of the accident the tracks were straight in the direction of the approaching car, though just how far was not clear.   The plaintiff offered to show that, prior to June 2 he had been on the running boards of cars in Springfield of the defendant company on the same side on which other cars passed, and that the cars had passed each other without accident to any one.   The judge excluded the testimony and the defendant excepted.   There was testimony tending to show that the defendant company bought some new cars in the spring of 1901 and that the car which struck the plaintiff was one of these new cars.   The plaintiff offered to show that a rail was used upon the inside of these cars, and that down to the time when these cars had been purchased and put in operation, all the cars in Springfield had been of the same width and that no car had been wider than that on which the plaintiff was when injured.   The judge excluded this evidence and the defendant excepted.

We think that the rulings were right.   Without undertaking to say that in no case a passenger upon an electric street car who was injured by being struck by a passing car while attempting to pass along the running board of a car in motion from one part of the car to another on the side on which cars were liable to pass, would be entitled to recover, we think that in the present case there was nothing to justify the plaintiff as matter of law in so doing, and that he must be held to have as-

sumed the risk, if not to have been wanting in due care.  Generally speaking it is the duty of a passenger who boards an electric car to place himself in a position of safety.  It is not necessarily negligent for him to stand on the platform, and there may be circumstances, such as the crowded condition of the car, which justify him in standing or being upon the running board.  *Cummings* v. *Worcester, Leicester, & Spencer Street Railway*, 166 Mass. 220.  *Powers* v. *Boston*, 154 Mass. 60.

But manifestly a position on the running board of a car in motion on the side on which other cars are liable to pass is one of danger, and we think that a passenger who boards an electric car in which there are plenty of vacant seats at the place where he boards it, and who chooses for his own accommodation and pleasure to pass along the running board while the car is in motion to another part of the car on the side on which other cars are liable to pass, must be held to have assumed the risk of contact with and injury from cars passing on the neighboring track.  See *Coleman* v. *Second Avenue Railroad*, 114 N. Y. 609 ; *Woodroffe* v. *Roxborough, Chestnut Hill & Norristown Railway*, 201 Penn. St. 521 ; *Sharkey* v. *Lake Roland Elevated Railway*, 84 Md. 163.

The evidence that was offered, that the plaintiff on previous occasions had been on the running board on the side next to passing cars and had not been injured, was rightly excluded.  It had no tendency to show that he did not assume the risk or that he was in the exercise of due care.  Whether he was in the exercise of due care depended not on what he had himself done on previous occasions, but on what persons of ordinary prudence would do under the same circumstances.  The exclusion of the testimony that was offered as to the width of the cars did the plaintiff no harm.  It would have had no tendency to show that he did not assume the risk or that he was in the exercise of due care.  The testimony in regard to the rail was also rightly excluded.  The obvious purpose of it was to prevent passengers from getting on to or off from the car on that side.  The fact that it was on the new cars and not on the old ones was no proof of negligence on the part of the defendant.

*Exceptions overruled.*

*J. B. Carroll & W. H. McClintock*, for the plaintiff.
*W. H. Brooks, W. Hamilton & J. Barnes*, for the defendant.