## North Chicago St. R. R. Co. v. Samuel W. Polkey, Adm'r.

1. STREET RAILROADS—*Duty When Operating Cars in Close Proximity to Fixed Obstructions.*—It is the duty of a street railroad company to so operate its cars, when they pass close to a fixed obstruction, that a passenger who has not been warned of any danger and who simply lifts an arm or raises a shoulder to put his hand in his pocket, or makes any similar movement, shall not thereby endanger his life. The passenger is not bound to use the highest degree of care.

2. SAME—*Responsibility Assumed by Laying Tracks Through a Tunnel in Close Proximity to Its Walls.*—When a street railroad company lays its tracks through a tunnel close to the tunnel wall, it thereby assumes the responsibility of using all the care, vigilance and foresight reasonably necessary and, practicable in the operation and management of its cars to protect its passengers against being brought in contact with an obstruction caused by the close proximity of the wall.

3. INSTRUCTIONS—*Allowing Plaintiff to Recover "If He Has Made Out His Case as Set Forth in His Declaration."*—An instruction that the plaintiff should recover "if he has made out his case as set forth in his declaration," is objectionable where there are several counts of the declaration, under two of which the evidence did not justify recovery.

**Trespass on the Case.**—Death from negligent act. Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed February 13, 1903.

This is an action on the case by the administrator of Gustave Rucks, deceased, to recover damages for the death of the latter, who was killed while passing through the LaSalle street tunnel on one of the defendant's street cars. The declaration is in five counts. The first of these counts charges that the deceased became a passenger on one of defendant's cars at a point outside of the tunnel; that the

cars were so full of passengers that the deceased was unable to find a seat and took passage upon the footboard of the gripcar upon which he was riding; and " that the defendant so carelessly and negligently managed and controlled its train while the same was proceeding through the tunnel" that the deceased was knocked off the footboard of said car, receiving injuries from which he died.    The third count of the declaration charges that the defendant "carelessly and negligently allowed certain passengers, among them said Rucks, to stand upon the footboard of said car," when the car entered into and proceeded through the tunnel; and the fifth count "that the defendant carelessly, negligently and improperly ran and operated these said cars through said tunnel so loaded as aforesaid with passengers standing upon said footboard."    There are two other counts of the declaration, which in substance charge that while the car was going through the tunnel, the defendants, by its agents, negligently demanded fare from the deceased, causing him to reach in his pocket to obtain it, and that while so doing his arm or certain portions of his body struck or touched the walls of the tunnel, which caused him to lose hold upon the car and he was thrown to the ground and killed.

JOHN A. ROSE and LOUIS BOISOT, attorneys for appellant; W. W. GURLEY, of counsel.

J. WARREN PEASE, attorney for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.
The accident by which the deceased lost his life occurred in the LaSalle street tunnel, he being at the time a passenger on one of the gripcars owned and operated by appellant.    The victim of the accident was between seventeen and eighteen years of age, about five feet six inches in height and weighing, it is said, about 150 pounds.    He boarded the train going north, at the corner of Randolph and LaSalle streets.    There is evidence tending to show that the cars were crowded and that he and other young men who accompanied him placed themselves upon the running board of the gripcar.    The deceased was riding

on the east or right hand side. When the train entered
the tunnel, therefore, he was on the side next to the tunnel
wall, which, at the point where the accident occurred was
quite near the track. The distance at that point between
the wall and the edge of the footboard is estimated by wit-
nesses as from three to twelve inches. There is evidence
tending to show that some of the stones which there com-
pose the wall of the tunnel, project outside of its general
surface to the extent of two or three inches. Exactly how
the accident occurred, no one seems able to state. One
witness says the wall caught the deceased and whirled
him around. All agree that he was pulled off by striking
the wall. One witness testifies that he, the witness, was
reaching in his pocket for his fare, and that apparently the
deceased was about to do the same thing; that in so doing
the latter raised his arm or shoulder and it may be that this
movement of the arm and shoulder brought him in contact
with a projecting stone of the wall and that this caused the
accident. His body passed between the wall and a boy
who was standing behind him on the footboard, and fell to
the bottom of the tunnel.

It is contended by appellant that there was no negli-
gence on the part of the defendant and that it was the con-
tributory negligence of the deceased which caused the
injury. It is conceded, however, that the evidence in regard
to contributory negligence is at least conflicting, and appel-
lant relies for a reversal of this judgment solely on the
ground of its own want of negligence. It is claimed that
the plaintiff's evidence fails to sustain the averments of the
declaration in this respect.

It is urged that the first and fifth counts of the declara-
tion which charge negligence in managing and controlling
and operating the train are not supported by the proof.
It is true that there is nothing in the evidence, so far as we
are advised, which tends to show that this particular train
was operated in any manner differing from that in which
all other trains are operated which run through the tunnel.
We are of the opinion, however, that these allegations of the
declaration are somewhat broader in their scope, than

appellant's attorneys seem to consider them. A train may be proceeding in a manner which would be entirely safe and proper on an open prairie or in a public street, but which might be a careless and negligent method of operation when the train is passing a fixed object close to the track. Carelessness and negligence are relative terms. What is negligence in operating a train in one place would not be necessarily in another. It might be entirely proper to permit passengers to ride upon the footboard extending along the side of a car in an open street where there are no obstructions and where there is plenty of space outside of the car so that passengers thus riding would not be liable to suffer injury from outside obstructions, and negligence to allow them to so ride under different conditions, where dangers would be encountered of which the passenger had no notice. We do not agree with appellant's contention that the third count of the declaration is bad, because, as appellant claims, it is not negligence to stand upon the footboard of a car while the same is in motion, and because it is not alleged that the act of the defendant in allowing the deceased to stand upon the footboard caused the accident or had anything to do with it. It is expressly charged in that count that it was because the defendant negligently allowed the deceased, among other passengers, to stand upon the footboard while its car was passing in close proximity to danger from the wall that he was caught by the wall and sustained injuries causing his death. See Am. Exp. Co. v. Risley, 179 Ill. 295–299.

The case of North Chicago Street Railroad Company v. Williams, 40 Ill. App. 590, and 140 Ill. 275, is very similar in its facts to the case at bar. In that case the plaintiff, Williams, stepped upon the footboard of an open street car drawn by horses. Before he had taken his seat the forward movement of the car brought him into collision with a telegraph pole by which he received the injuries for which he recovered damages in that action. The evidence showed that the company was changing its system from horse cars to cable cars and that the track on which the car was mov-

ing when the injuries were inflicted was a temporary one laid nearer to the side of the street than the original track and closer to the telegraph pole by which the injury was inflicted.    In that case it is said by the Supreme Court (140 Ill., page 283):  "Where a railroad company places its tracks so near an obstruction which it is necessary for its cars to pass that its passengers, in getting on and off the cars and while upon them, are in danger of being injured by contact with such obstruction, it is a fair question for the jury whether the company is, or is not, guilty of negligence." It is urged by appellant's counsel, however, that although it does not so appear from the published reports, yet an examination of the files in that case shows that the only act of negligence charged in the declaration was negligence in the construction of the road, and that this charge of negligence in the construction of the road is wholly wanting in the case at bar and that therefore what is said in that opinion is not relevant in the case before us.    It is true the evidence in that case showed that the track had only been moved to the temporary location which brought the car so near to the telegraph pole, about a week before the accident, and it may be true that it was the negligence in such construction of the road so near to the obstruction that justified the judgment.    But mere location of the tracks near the pole would have injured no one if the cars had not been operated on such tracks.    While there is no charge of negligent construction in the case before us, there is a charge of negligence in the management, control and operation of the train while passing through the tunnel.    We regard it as a question for the jury to determine whether, under the averments of this declaration, and the undisputed facts in evidence, it was or was not negligence for the appellant to so run and operate its trains when passing so close to the wall of the tunnel where stones projected several inches and the space between the wall and the footboard was from three to twelve inches, that a passenger riding upon the footboard, as was the deceased, should be thus injured.

There is in this case no evidence in the record tending to

show the ownership of the tunnel.   It is said in appellee's brief that this court can probably take judicial notice of the fact that the LaSalle street tunnel is built and is owned by the city of Chicago.   It is urged by counsel for appellant that no presumption of negligence arises where the accident to a plaintiff riding on one of appellant's cars, is caused by some agency outside of the control of the carrier.   It may be true that the character and construction of the tunnel wall were outside of the appellant's control, if, as is said, the tunnel is the property of the city, but the operation of its cars when passing in close proximity to the wall of the tunnel is not beyond such control.   It is entirely within the power of the appellant company, either to prohibit passengers from riding on the footboard of the car while going through the tunnel, or if it permits them to so ride, to warn them of the danger and to operate the car at such a slow rate of speed with such precautions as to prevent the occurrence of accidents like that under consideration.   It is probable that few, if any, of the multitudes of people who pass through that tunnel on the cars of appellant, day after day, have any knowledge of the particular source of danger from which the deceased received his injuries.   The appellant invites passengers when the seats upon the car are full to place themselves upon the running board where the deceased was riding.   These passengers have a right to persume that when so riding they will not be brought into such close proximity to the projecting stones of the tunnel wall, that ordinary movements of the body, whether caused by the passenger putting his hand into his pocket to get at his fare, or changing his position from one foot to another, or allowing his body to project two or three inches beyond the outer edge of the footboard, will thereby endanger life.   A passenger may assume the increased risk that may result in the ordinary course of things from riding upon a footboard of the car when properly managed in a place ordinarily safe, but he does not assume as a matter of law a risk that results from running the car so close to a fixed obstruction of which he has no

knowledge that while standing in a perfectly natural position and making only such movements as are ordinarily safe and natural he will be brought into contact with such obstruction.

In the case of West Chicago Street Railway Company v. Marks, 82 Ill. App. 185, a passenger standing upon the footboard of an open car received injuries by an upright iron post of the viaduct over which the car was running, for which he recovered. It is said, however, that there is a marked distinction between that case and the one at bar, because in that case, to avoid injury the passenger was obliged to bend his body forward in an unnatural position, and that this fact differentiates the Marks case from the one before us. We can not agree with this view. There is testimony here which tends to show that the deceased was standing in an ordinarily safe position, and that the movement of his body, or of his arm or shoulder, assuming that it was because of such movement that he was brought in contact with the projecting stones upon the tunnel wall, was a perfectly natural movement, which he had no reason to suppose could not be made with entire safety. In this case as well as the Marks case the passenger, so far as the evidence tends to show, had a right to suppose that he was in a position of entire safety from any outside cause such as that which produced the injury. It is true the evidence tends to show the deceased might have passed the obstruction in safety, as did others who were standing on the same footboard at the same time. But it is the duty of appellant to so operate its trains, where they pass so close to a fixed obstruction, that a passenger who has not been warned of any danger, and who simply lifts an arm or raises a shoulder to put his hand in his pocket, or make any similar movement, shall not thereby endanger his life. The passenger is not bound to use the highest degree of care. W. C. St. R. R. Co. v. McNulty, 166 Ill. 203-205.

The rule governing liability of carriers of passengers, as stated by appellant's counsel, is, "The carrier shall do all that human care, vigilance and foresight can reasonably

do, consistently with the mode of conveyance and the practical operation of the road." When appellant laid its tracks through the tunnel so close to the tunnel wall as the evidence shows it has done in this case, it thereby assumed the responsibility of using all the care, vigilance and foresight reasonably necessary and practicable in the operation and management of its cars to protect its passengers against being brought in contact with an obstruction caused by the close proximity of such wall. C. & A. R. R. Co. v. Murphy, 198 Ill. 462–469; C. & A. R. R. Co. v. Arnol, 144 Ill. 261–271. Objection is made to the refusal of an instruction to the effect that if the jury believe from the evidence that the injury to the deceased could only have been prevented by the exercise of a degree of care and protection not reasonably practicable in the operation of the defendant's street railroad, then the plaintiff can not recover and the jury should find the defendant not guilty. We think there was no error in refusing, under the facts in this case, the instruction in question. There was no evidence that it was not entirely practicable for the appellant to have so operated its cars as to prevent an injury of the character under consideration. It was, so far as appears, entirely practicable to prevent any one from riding on the footboard on that side of the train; or it was entirely practicable to operate the cars slowly and to have given warning to such passengers, if any, as were permitted to stand upon the footboard.

Complaint is made of the fifth instruction, given at the request of appellee, to allow the plaintiff to recover, "if he has made out his case as set forth in his declaration." We think the instruction was objectionable where, as here, there are several counts of the declaration, under two of which the evidence did not justify recovery. But in the case at bar we are of the opinion that the error in that respect is not sufficient to make it necessary to reverse the judgment. There is no material conflict in the evidence. The main facts are conceded on both sides. There is no dispute with reference to the fact that the deceased was

riding upon the footboard with appellant's permission, nor that the car passed within a few inches of the wall of the tunnel, nor that the tunnel wall has projecting stones here and there, nor as to the manner in which the deceased was knocked off the car. The material question was whether these undisputed facts constitute negligence on the part of the appellant in the management and operation of its train. We do not deem it necessary, therefore, to consider in detail each of the objections which are made in reference to the giving and refusing of instructions. Doubtless some of appellee's refused instructions were proper enough in themselves and might properly have been given; but the refusal of them is not, in our judgment, under the circumstances of this case, reversible error. West Chi. St. Ry. Co. v. Maday, 188 Ill. 310.

The judgment of the Superior Court must be affirmed.