HENRY T. MASON *vs.* BOSTON AND NORTHERN STREET
RAILWAY COMPANY.

Middlesex.    November 24, 1905. — January 5, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Negligence.    Street Railway.*

A passenger on a crowded open electric car who, while moving along the running
board toward the rear of the car to get a bundle from under a seat before
alighting, is struck on the head by a pole of the railway company, that day
negligently placed so as to lean toward the track, may be found to be in the
exercise of due care.

A street railway company may be found to be negligent in replacing an old pole
standing near the inner rail on a curve of its track with a new pole which, in-
stead of being erect like the old one, leans toward the track, so that the head of
a passenger who is moving along the running board of an open electric car
facing the rear comes in contact with it.

TORT for personal injuries from being knocked off the running
board of an open electric car of the defendant by a pole of the
defendant near the track, as the car was passing around a curve on
Washington Street in that part of Gloucester called Annisquam.
Writ dated October 29, 1903.

At the trial in the Superior Court *De Courcy*, J. refused to
order a verdict for the defendant. The jury returned a verdict
for the plaintiff in the sum of $2,000; and the defendant alleged
exceptions.

*F. N. Wier*, for the defendant.

*H. J. Winslow*, (*H. H. Winslow* with him,) for the plaintiff.

SHELDON, J.    The plaintiff was a passenger on an open car
of the defendant. The car was a long one, and was crowded
when he got upon it, and at first he stood upon the running
board on the right hand side of the car. Later he took a posi-
tion with his back towards the front of the car near the end of
the seat which had for its back the partition behind the motor-
man, with one foot inside the car, and the other hanging over
the side of the car. He paid his fare while standing on the run-
ning board. The plaintiff's evidence tended to show that when
the car was about seventy or seventy-five feet from the place
where he intended to alight, he signalled to the conductor; as the

conductor apparently did not see him and did not ring the bell, he rang the bell himself for the car to stop.  Shortly after ringing the bell, he stepped down on the running board and started to walk towards the rear of the car to get a bundle which he had left under the third or fourth seat from the front.  While so doing he was struck on the back of his head by a pole of the defendant, thrown down, and injured.  This pole had been put in position on the day of the accident, to replace an old pole which had been removed.  This new pole was so placed that its foot was not quite three feet from the nearest rail.  It slanted toward the track, which was laid here around a curve, this pole being on the inside of the curve.  As is usually done, the outer rail of the track was laid higher than the inner rail, thus causing a car in going around the curve to lean towards the pole.  By reason of the car and pole each leaning towards the other, the distance between them grew less as the distance above the ground increased, and at the height of seven feet from the ground, which was where the plaintiff's head would be when he was standing on the running board of the car, the distance between the pole and the handles on the outside of the car was less than a foot. The outer edge of the running board was twenty-one inches from the rail; and the distance from the outer edge of the running board to the pole at the ground was one foot and two and a half inches.  The old pole had been placed about half an inch farther on the ground from the car than the new one, and had stood straight.  The inclination of the new pole was such that seven feet above the ground it was six inches nearer the line of the rail than on the ground.  There was evidence that a guard rail on the left side of the car was lowered when the plaintiff got on the car, but that it was afterwards raised; and that a guard rail on the right hand side of the car was not lowered at all, though as to this there was contradictory evidence.

On this evidence the defendant asked the presiding judge to rule that there was not sufficient evidence to warrant a verdict for the plaintiff.  The judge refused to do this, and submitted the case to the jury, with instructions not in themselves objected to and not reported.  The jury found for the plaintiff, and the case comes before us on the defendant's exceptions to the refusal of the ruling which it requested.

1. The defendant contends that the plaintiff was not in the exercise of due care. It contends that the plaintiff by stepping upon the running board placed himself voluntarily, without invitation by the defendant and merely for his own convenience, in a place of danger, facing to the rear of the car, and taking no precaution to guard against the danger to which he was exposing himself. See *Cummings* v. *Worcester, Leicester & Spencer Street Railway*, 166 Mass. 220; *Moody* v. *Springfield Street Railway*, 182 Mass. 158. But we think that this was a question for the jury. *Powers* v. *Boston*, 154 Mass. 60. *Fleck* v. *Union Railway*, 134 Mass. 480. It was possible to find that the plaintiff did nothing different from what would have been done by other careful passengers under the same circumstances. *Fleck* v. *Union Railway, supra.* Riding on the running board of an open electric car cannot be said to be negligence of itself and as matter of law. Morton, J. in *Moody* v. *Springfield Street Railway, ubi supra. Cummings* v. *Worcester, Leicester & Spencer Street Railway, ubi supra.* He might assume that the defendant had not placed obstructions so near to its track as to make it dangerous for him to prepare to leave its car in the ordinary manner.

The defendant also contends that this case is governed by the doctrine of *Hall* v. *Wakefield & Stoneham Street Railway*, 178 Mass. 98. But the circumstances there considered were very different from those of the case at bar. There the action was brought by a servant against his employer to recover for damages caused by a permanent condition of the employment; this is an action by a passenger against the carrier, and the injury was caused by a pole which had been set up on that very day in such a manner as to be much more dangerous than that which it had replaced. Manifestly the rule of that case cannot be extended to such a case as this.

2. What we have already said is enough to show that this accident properly might be found to be due to the negligence of the defendant. *Cummings* v. *Worcester, Leicester & Spencer Street Railway, ubi supra.* Similar questions have been decided in the same way in other courts. See *Elliott* v. *Newport Street Railway*, 18 R. I. 707; *Hesse* v. *Meriden Tramway Co.* 75 Conn. 571; *North Chicago Street Railroad* v. *Williams*, 140 Ill. 275; *S. C.* 40 Ill. App. 590; *West Chicago Street Railroad* v.

*Marks,* 82 Ill. App. 185; *Cummings* v. *Wichita Railroad & Light Co.* 68 Kans. 218; *Withee* v. *Somerset Traction Co.* 98 Maine, 61; *Parks* v. *St. Louis & Suburban Railway,* 178 Mo. 108.

The ruling requested could not rightly have been given.

*Exceptions overruled.*