JOHN S. POMEROY *vs.* BOSTON AND NORTHERN STREET RAILWAY COMPANY.

Essex.    November 9, 1906. — January 3, 1907.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Negligence.    Street Railway.    Carrier.*

In an action for personal injuries by a passenger against a street railway company operating cars on a road equipped by it with trolley poles, it is evidence of negligence on the part of the defendant that one of the poles is maintained upon a curve of its track at such an inclination toward the track that a passenger on the running board of an open car passing around the curve is in danger of coming in collision with it.

A passenger being transported by a common carrier has a right to assume that the carrier has adopted and maintains a reasonably safe mode of transportation.

In an action against a street railway company for personal injuries from coming

in contact with a trolley pole alleged to have been placed and maintained negligently by the defendant so near its track as to endanger passengers travelling upon its cars, the fact that the plaintiff before the accident was familiar with the place and knew the location of the poles, although important evidence on the question of his due care, is not conclusive upon the question whether he was negligent in leaving the back platform of an open car and stepping upon the running board in order to go to a seat, and thus coming in collision with a pole inclining too much toward the track.

In an action against a street railway company for personal injuries from coming in contact with a trolley pole alleged to have been placed and maintained negligently by the defendant so near its track as to endanger passengers travelling upon its cars, if there is evidence that the plaintiff, who was familiar with the locality, upon boarding an open car of the defendant, and seeing no vacant seat, took a position on the rear platform, when an acquaintance, who was seated, told him that room had been made for him, and he started to pass along the running board for the purpose of reaching the seat and was struck by the pole, the question whether the plaintiff was in the exercise of due care is for the jury.

Tort for personal injuries sustained while a passenger on an open car of the defendant, at about eight o'clock in the evening of August 9, 1903, on East Main Street in Gloucester, from coming in contact with a pole erected and maintained by the defendant alleged to have been negligently placed and maintained so near the track as to endanger passengers travelling upon the cars of the defendant. Writ dated December 7, 1903.

At the trial in the Superior Court before *Fox*, J. the plaintiff testified substantially as follows: "I took one of the defendant's cars at the foot of Hammond Street in East Gloucester to go to Gloucester; it was an eight wheel open car. When the car came along it stopped. I looked for a vacant seat, but did not see one. I noticed a lady up forward standing between the seats, and one or two passengers standing on the rear platform. I got on the rear platform. After the car started I saw Mr. Colby sitting ahead in the second seat from the rear. I had some business talk with him, and then leaned up against the rear dasher and took hold of that. Mr. Colby turned around to me and said 'Come in here and we will make room for you.' The people on the seat had to move over to make a seat for me. I started to take the seat, and got down on the right hand running board, and the post hit me, or I hit the post. I have no memory of that. It was a very rough road and the car would roll and pitch something like a boat. You had to hang on.

When I found I could get a seat I thought it was more comfortable and safer, and I went after the seat. The last thing I remember was going on the running board."

On cross-examination the plaintiff testified: " I had lived for some years within a quarter of a mile of the place of the accident, and was familiar with the locality. I had ridden by there frequently, and walked by there. My attention had never been called particularly to any of the poles along there. I knew there were posts on the side of the street all along there, but there had been nothing about their proximity to the track to attract my attention. I was standing in the middle of the back platform, right alongside the motor box. There were two other people there. I knew the track was on the right hand side of the street, and the poles were on the same side. I didn't see the pole before it hit me. I know nothing to prevent me walking along the left hand running board. I was looking towards the inside of the car when I was hurt. I got out on the running board and turned around to go into the seat. The conductor was up forward. The car didn't stop between the time I got on and the time I was hurt. At the place where I was hurt there is a very slight curve, not much of a curve. There is a slight bend in the general direction of the track. I never had occasion to notice either the poles or any trees along there in regard to their proximity to the track. I didn't know if one leaned out very far from the running board, one would be hit by poles along there. I never took notice of it. I had only got a step along the running board before I was hit. I didn't go along. I stepped down and when I got down there I got hit. It was just by the seat where the rod goes up to take hold of, between the two seats. I must have turned around looking into the car. I was not paying attention to anything which might be on that side of the track. During all the time that I had ridden or walked by that locality, it had never occurred to me that any of the poles along there were near the track. The pole is right in the edge of the curb stone. The pole was placed on the edge of the property, as far as I knew. I had frequently walked and ridden by there. The sidewalk was on the other side of the street. I could not say how far my head projected beyond the line of the running board when I was

struck. There was nothing very rushing there on teams. It is not a business centre of Gloucester."

At the close of the evidence, the defendant asked the judge to rule as follows:

1. On all the evidence your verdict must be for the defendant.

2. If the plaintiff stepped on the running board while the car was in motion, without sufficient reason for so doing, he cannot recover.

3. By voluntarily stepping on the running board while the car was in motion, the plaintiff assumed the risk of injury from contact with a pole, caused by his projecting his head unnecessarily beyond the line of the car.

4. One who leaves a place of safety on the rear platform of a street car and goes forward by the running board for the purpose of getting a seat, while the car is in motion knowing that the trolley poles are on that side, assumes the risk of injury from contact with one.

5. If the plaintiff could have seen the pole and avoided the accident had he been looking forward in the direction in which the car was going, he cannot recover.

6. If the plaintiff knew the poles were near the track on the right hand side of the car, and if he could have gone forward with reasonable safety by the left hand running board, he cannot recover.

The judge gave the second of these requests and refused to give any of the others. He instructed the jury that it was for them to say whether at the time of the accident the plaintiff was going forward to avoid danger or substantial inconvenience, and if so, whether that was a sufficient reason for his going forward in the manner in which he did.

The jury returned a verdict for the plaintiff in the sum of $1,375; and the defendant alleged exceptions.

*R. G. Dodge,* (*S. H. E. Freund* with him,) for the defendant.
*W. A. Pew, Jr.,* for the plaintiff.

BRALEY, J. The defendant, by accepting the plaintiff as a passenger, undertook to provide him with transportation to his place of destination, and in the performance of this duty it was required to exercise the highest degree of care commensurate with the nature of this undertaking. *Warren* v. *Fitchburg Rail-*

*road*, 8 Allen, 227, 233.   *Galligan* v. *Old Colony Street Railway*, 182 Mass. 211, 214, 215.   In the construction and equipment of its road the trolley poles were located at certain distances along the railway, and the alleged defect by which the plaintiff was injured consisted of a pole so placed on the circumference of a curve that its inclination towards the track jeopardized the safety of passengers while riding on or using the running board of open cars.   It appears from the evidence that this pole was set in such a manner that at a point about eight feet from the surface of the ground by reason of the angle of inclination it was six inches nearer the track, and if taken in connection with the projection of the running board when rounding the curve such proximity could have been found by the jury to expose a passenger on the running board to the danger of coming into contact with it.   In the use of closed cars this pole might not have rendered the road unsafe, yet as an open car was used a different question is presented.   The transportation of passengers often includes the use by them of the running board by the invitation and with the permission of the carrier, and where this condition of travel appears then ordinarily as matter of law negligence cannot be inferred on the part of a passenger who stands thereon while in transit.   *Moody* v. *Springfield Street Railway*, 182 Mass. 158.   *Wilde* v. *Lynn & Boston Railroad*, 163 Mass. 533.   *Mason* v. *Boston & Northern Street Railway*, 190 Mass. 255.   The roadbed and its equipment were constructed and operated for the carrying of passengers under the usual conditions of public travel, and it was for the jury to determine whether in anticipation of such use of its car reasonable diligence called for a realignment of the pole to avoid the danger of possible collision, and whether its failure to take this precaution was negligence.   See *Feital* v. *Middlesex Railroad*, 109 Mass. 398, 405 ; *Sweetland* v. *Lynn & Boston Railroad*, 177 Mass. 574, 579.

The further question whether the plaintiff was guilty of contributory negligence and assumed the risk also was an issue of fact.   It certainly could not have been ruled as matter of law that from his previous knowledge of the location of the pole upon becoming a passenger he thus took the chance of defective construction or negligent maintenance of the instrumentalities used

for the motive power.    Knowledge by a traveller of a defect in a public way over which he is passing, or is about to pass, of itself is not sufficient to preclude a recovery if when using this portion of the way he thereby receives an injury ; nor is a servant precluded who under similar conditions uses the ways provided by the master.    The traveller in one case and the servant in the other have a right to rely upon the presumption that the public authorities, and the master, have performed their duty in providing a reasonably safe way.    A passenger also may rely upon the presumption that a common carrier has adopted and maintains a reasonably safe mode of transportation.    If an injury is suffered by either, his previous knowledge of unsafe conditions is important on the question of his negligence, but it is not conclusive.    *Powers* v. *Boston,* 154 Mass. 60.    *Torphy* v. *Fall River,* 188 Mass. 310.    *Campbell* v. *Boston,* 189 Mass. 7.    *Urquhart* v. *Smith & Anthony Co.* 192 Mass. 257, 262.    Upon boarding the car and seeing no vacant seat he took a position on the rear platform, when an acquaintance, who was seated, having said that room had been made for him, he started to pass around on the running board for the purpose of reaching the seat when he was struck.    The plaintiff had a right to rely upon the presumption that the defendant would not carelessly expose him to injury, and if his change of position was taken either to avoid the danger of riding on the platform, or to obtain a more comfortable position, and for this purpose he stepped temporarily on the running board in order to pass from one to the other, it was for the jury to determine, to whom the question was properly left, whether under the attendant circumstances his conduct was careless.    *Moody* v. *Springfield Street Railway,* 182 Mass. 158, 160.    *Mason* v. *Boston & Northern Street Railway, ubi supra.*

With the exception of the second which was given, the defendant's requests for rulings therefore were rightly refused, and the instructions given correctly stated the law.

*Exceptions overruled.*