JANE N. WHEELER *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    January 14, 1915. — February 26, 1915.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Negligence,* Street railway.  *Carrier,* Of passengers.

If, while an open electric street railway car is stationary at the last regular stopping place at one end of its route and is about to go round a curve before returning in the opposite direction on the other parallel track, a woman, for the purpose of taking the car on the return trip, without any objection from the conductor gets on the running board and walks along it preparatory to taking a seat by the side of a companion who got on the car at the same time, whereupon the conductor gives the signal to start the car, and the car starts and in rounding the curve gives a lurch, throwing the woman to the ground, in an action brought by her against the corporation operating the railway for her injuries thus sustained, the question of her due care is for the jury.

If in such action the jury find, on evidence warranting such a finding, that the manner of passing from one track to the other was unknown to the plaintiff

and that she was at a point where cars apparently made regular stops not merely for the discharge of passengers but also for their reception, they further can find that the plaintiff offered herself as a passenger and that the conductor accepted her as one, and, so finding, it is for the jury to determine whether the conductor thereafter exercised reasonable care toward the plaintiff as a passenger.

TORT for personal injuries sustained on July 23, 1912, when the plaintiff was alleged to have been a passenger on an open electric street railway car of the defendant on Atlantic Avenue in Boston, as the car was going round the curve at the end of its route preparatory to starting on its return trip to Roxbury Crossing after having discharged its passengers at its regular stopping place at Rowe's Wharf. Writ dated December 11, 1912.

In the Superior Court the case was tried before *Wait*, J. At the close of the evidence, which is described in the opinion, the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*J. J. Hartnett*, for the plaintiff.

*E. P. Saltonstall*, for the defendant.

BRALEY, J. The jury would have been warranted in finding on the evidence that the plaintiff, accompanied by other women, desiring to take passage, boarded the defendant's open car while it was stationary at a regular stopping place by stepping on to the running board near the front end, and, while the plaintiff was walking along the running board preparatory to taking a seat by the side of a member of her party, the conductor gave the signal to start the car. It started, and after moving a short distance and while rounding a curve the car jerked or lurched, throwing her to the ground.

The question of the plaintiff's due care, under these circumstances, was a question of fact for the jury. *Gordon* v. *West End Street Railway*, 175 Mass. 181. *Mason* v. *Boston & Northern Street Railway*, 190 Mass. 255, 257, and cases cited. *Pomeroy* v. *Boston & Northern Street Railway*, 193 Mass. 507, 512. *Hamilton* v. *Boston & Northern Street Railway*, 193 Mass. 324. *Vine* v. *Berkshire Street Railway*, 212 Mass. 580, 581. *Killam* v. *Wellesley & Boston Street Railway*, 214 Mass. 283. `

If, however, the plaintiff had not become a passenger, the conductor was not negligent in starting the car before the plain-

tiff had an opportunity to reach a position of safety.  *Yancey* v. *Boston Elevated Railway*, 205 Mass. 162.

It is undisputed that the car had reached the end of the journey on the north bound track, where the plaintiff got on, and had stopped to discharge passengers before passing around the loop to the south bound track, and the conductor had begun to reverse the seats.  But he testified on cross-examination, that he saw "these people boarding the car," and that he "made no objection to their boarding" and, in contradiction of the plaintiff, said that he saw her "step out of the car on to the running board " and "warned her not to step off."

The jury could find on the plaintiff's evidence that this mode of passing or changing from one track to the other was unknown to her and that she was at a point where cars apparently made regular stops, for not merely the discharge but the reception of passengers.  If they so found, a majority of the court are of opinion that they further could find on the conductor's testimony previously quoted that the plaintiff had offered herself as a passenger, and, having been accepted, the relation of passenger and carrier existed at the time of the accident, and that whether the conductor exercised reasonable care thereafter was for their determination.  *Lockwood* v. *Boston Elevated Railway*, 200 Mass. 537. *Lauchtamacher* v. *Boston Elevated Railway*, 214 Mass. 103, 104.

The verdict for the defendant having been ordered improperly, the exceptions must be sustained.

*So ordered.*