JAMES T. HESHION *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk.    January 3, 1911. — March 1, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Negligence*, Street railway.

If one, who had been employed by a street railway company as a conductor for three years, becomes a passenger upon an open electric street car of the same company, takes his position upon the running board and, as the car passes through a very busy city street with which he is entirely familiar and in which there is a space of but eight feet and two inches from the running board to the curbstone, stands holding to the uprights of the car, facing the car's interior and not looking out to see whether he is in danger of coming into contact with teams or obstructions in the street, and is struck by the pole of a cart which he easily could have seen had he looked in the direction in which the car was going, and could have avoided by temporarily stepping into the car between the seats or drawing himself farther into the car, he cannot be said to have been in the exercise of due care, since, with a knowledge of the dangers attending his position, he disregarded them.

TORT for personal injuries received while the plaintiff was on the running board of an open car of the defendant, and due to his being struck by the pole of a cart on Cambridge Street in Boston.    Writ dated July 18, 1907.

In the Superior Court the case was tried before *Sherman*, J. The facts are stated in the opinion.    At the close of the evidence the presiding judge ordered a verdict for the defendant and reported the case for determination by this court, judgment to be entered on the verdict if his ruling was correct; otherwise, a new trial to be granted.

The case was submitted on briefs.

*J. J. Scott*, for the plaintiff.

*J. E. Hannigan*, for the defendant.

SHELDON, J.    If we assume that there was evidence of negligence of the defendant's servants in driving their car past the projecting pole of the cart, we come to the question whether there was evidence of the plaintiff's due care.

In the absence of any special circumstances, such as a regulation of the railway company properly published or brought to the knowledge of the passenger (*Cutts* v. *Boston Elevated Railway*, 202 Mass. 450), or the existence of known or probable dangers calling for special care to avoid them, it is for the jury to determine the negligence or due care of a passenger who is riding upon a more exposed part of a street railway car, such as the front or rear platform or the running board of an open car. *Beal* v. *Lowell & Dracut Street Railway*, 157 Mass. 444.  *Sweetland* v. *Lynn & Boston Railroad*, 177 Mass. 574.  *Pomeroy* v. *Boston & Northern Street Railway*, 193 Mass. 507.  *Eldredge* v. *Boston Elevated Railway*, 203 Mass. 582.

The last two cited cases have carried the rule farthest in favor of the plaintiffs.    In the Pomeroy case, the plaintiff, while on the running board of an open car, was injured by coming in contact with a trolley pole which the defendant maintained near a curve in its track inclining towards the track at such an angle as to involve the danger of its hitting any one upon the running board of a passing car.  He was familiar with the place and knew generally the location of the trolley poles, although he was not aware that any one of them was so placed as to create the danger which was found to exist.    He was not paying atten-

tion to anything which might be on that side of the track. It was held that these facts, although important evidence upon the issue of his due care, were not conclusive against him.

In the Eldredge case, it was held that such a passenger cannot disregard the ordinary incidents of travel from the concurrent use of the streets by other travellers, but he has the right to assume that the carrier will not expose him to injury from passing vehicles, if by the exercise of reasonable diligence the movements of the car can be so controlled as to avoid the risk of collision; and the fact that though looking forward he does not observe a vehicle ahead of the car and dangerously near to it, and so is injured by the hub of its wheel striking against him, will not necessarily preclude a finding that he was in the exercise of due care.

In the case at bar the plaintiff had been employed by the defendant as a conductor for three years. He was entirely familiar with this street. It was, as he knew, a narrow street. At this point, the distance from the curbstone to the track was nine feet and eight inches, and the car overhung the track on each side a space of eighteen inches, so that there were only eight feet and two inches between the edge of the running board and the curbstone. This was a very busy street. Plainly it was neither strange nor unlikely that a cart either loading or unloading should be standing with its pole extending out into the street. Plainly also a proper care for his own safety required the plaintiff in going through so narrow a space in his exposed position to take some degree of care for his own safety against the near approach of other vehicles or even a brushing by them against the running board upon which he was standing. While he had the right to expect the motorman to use proper care in running the car so as to avoid collisions or a dangerous approach to other vehicles, he also knew that in so crowded a street and so narrow a way there was a constant liability to such a risk, either from a misjudgment of the motorman or of the drivers of other vehicles or from any sudden emergency that might arise. He could not under such circumstances so far surrender the responsibility for his safety to the servants of the defendant as not to concern himself at all about the increased hazards to which his position exposed him. But this is exactly

what he did. Although aware of his situation and the risks which it involved, he stationed himself upon the running board, took hold of the uprights, manifestly with both hands, and so stood looking into the car. He did not even turn his body or his neck to look ahead or into the street; he did not see the cart until he was struck by the pole. He both knew the dangers and disregarded them. Judged by his conduct, he chose to abstract his attention from them, as in *Holian* v. *Boston Elevated Railway*, 194 Mass. 74, 76. The way in which he was standing naturally would tend to make a part of his body protrude beyond the line of the running board. The cart and the pole were in plain sight; they scarcely could have escaped his observation if he had looked ahead at all. Not only does this appear from his own testimony, but the witness whom he called, and who had been seated in the car, testified that the position of the cart and the pole could be seen for a considerable distance ahead; that the pole reached so far towards the track that it was evident that it would reach near to or partly over the running board, but that the plaintiff was looking into the car and not ahead.

In the Eldridge case already referred to, the plaintiff was looking ahead, and merely failed to observe the threatening danger. He was at least using some care. In the Pomeroy case, the plaintiff did not know of the particular danger that existed from the inclination of the trolley pole towards the track. The same is to be said of *Mason* v. *Boston & Northern Street Railway*, 190 Mass. 255; the plaintiff there had no notice or knowledge of the impending danger and no reason to be on his guard against it. In the case at bar, the plaintiff was aware of all the circumstances except the position of the cart and pole which struck him, and even a slight degree of attention on his part would have given him knowledge of this. He then readily could have put himself out of danger by temporarily stepping between the seats or perhaps even by drawing his body in a little from the edge of the running board.

The jury would not have been warranted in finding that the plaintiff was in the exercise of due care, and judgment must be entered on the verdict.

*So ordered.*