Merrimack, }
Feb. 4, 1913. }

### YOUNG *v.* AMERICAN EXPRESS CO.

CASE, for negligence.   Transferred from the April term, 1912, of the superior court by *Mitchell,* J.

The plaintiff was employed by the Boston & Maine Railroad as head brakeman on a train running between Boston and Lowell, which also carried express matter in a car in front of the passenger coaches, and was injured by colliding with an express truck owned and controlled by the defendant. On the evening of December 24, 1909, there was a large amount of express matter to be delivered at the Winchester station, and the train waited several minutes while it was unloaded. As soon as this was done, the conductor told the defendant's servants to get the truck out of the way. It was then standing close beside the express car, and it is the custom of the business to move trucks a safe distance from the cars before trains are started. A servant of the defendant took his place behind the truck as if to help push it along, and the conductor and the plaintiff then turned and walked back about a car's length to the place where they would naturally board the train. The conductor gave the starting signal, and he and the plaintiff stepped aboard. The plaintiff then grasped the hand-rails beside the car steps and leaned back to see if the flagman or rear brakeman had boarded the train. The plaintiff did not see or think of the truck after he and the conductor turned back from the vicinity of the express car. The defendant's servants did not move the truck, but busied themselves arranging the parcels upon it, and the plaintiff collided with it while leaning out as above set forth.

The plaintiff having introduced evidence tending to prove the foregoing facts, and the defendant's motion for a nonsuit having been denied subject to exception, the defendant offered the testimony of a Massachusetts attorney to show the law of that jurisdiction. The substance of his testimony was that by the law of Massachusetts a passenger who rides upon the steps of a car is not in the exercise of due care; that an employee who does so assumes the risk of riding in that position and is also guilty of contributory negligence; and that one who voluntarily encounters a known danger also assumes the risk of injury. At the close of all the evidence the defendant's motion for a directed verdict was denied, subject to exception. It was agreed by the parties that if these exceptions are overruled there is to be judgment for the plaintiff for an agreed sum.

*Martin & Howe* (*Mr. Howe* orally), for the plaintiff.

*Austin M. Pinkham* (of Massachusetts) and *Elwin L. Page* (*Mr. Pinkham* orally), for the defendant.

PEASLEE, J.   The defendant claims that a verdict in its favor
should have been directed because the plaintiff knew a truck was in
a position to injure him and did nothing to avoid the injury.   If
this claim were well founded in fact, the legal conclusion might not
be erroneous.   But the evidence in the case is susceptible of another
and very different construction.   It could be found that the plain-
tiff had no reason to believe the truck was still standing close to the
train, and that its continued presence there, contrary both to cus-
tom and to express orders in the particular instance, was due to the
negligence of the defendant's servants.

As the cause of action arose in Massachusetts, the substantial
rights of the parties are governed by the law of that state.   *Kimball*
v. *Kimball*, 75 N. H. 291.   Evidence of what that law is was offered
at the trial; and in answer to a hypothetical question the witness
testified that by the Massachusetts law it would be held that the
plaintiff had assumed the risk.   This testimony is of no value here,
because the question in answer to which it was given stated the
view of the evidence most favorable to the defendant.   There was
no direct testimony as to how the Massachusetts courts would hold
on such a state of facts as would appear by construing the evidence
in the light most favorable to the plaintiff.   The evidence as to
the Massachusetts law in the abstract tended to show that it does
not differ from that in this state.   The witness testified that in
order to assume the risk the plaintiff must know of and appreciate
the danger, and that this modified his earlier assertion that in
Massachusetts every one (passenger or employee) who rides on a
car step assumes the risk of injury, or is guilty of contributory
negligence.   According to the rule so stated, the case was plainly
for the jury.   It could well have been found that the plaintiff had
every reason to believe the truck had been moved, that the failure
to move it was due to the defendant's negligence, and that the
plaintiff's act in looking back to see if the rear brakeman was aboard
was a reasonable and proper thing for him to do under the
circumstances.

The cases cited by the witness and offered in evidence by the
defendant do not go to the extent of holding that a railroad employee
who is upon the steps or side of a moving train in the reasonable
performance of his duties is thereby barred from a recovery.   In
*Flansburg* v. *Company*, 190 Mass. 125, the nonsuit was ordered,
not because the plaintiff was riding on the side of a freight car, but
because there was no justification for his so riding through a crowded

yard without looking to see what obstructions might be near the track. The case of the passenger riding on the running-board of a street car is treated in the same way. The question is merely one of due care under all the circumstances of the case. "In the absence of any special circumstances, such as a regulation of the railway company, properly published or brought to the knowledge of the passenger, . . . or the existence of known or probable dangers calling for special care to avoid them, it is for the jury to determine the negligence or due care of a passenger who is riding upon a more exposed part of a street railway car, such as the front or rear platform, or the running-board of an open car." *Heshion* v. *Railway,* 208 Mass. 117, 118.

*Exceptions overruled.*

All concurred.