JOHN VAHEY *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Middlesex.    November 11, 12, 1915. — January 7, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Negligence,* Street railway, Violation of rule.    *Evidence,* Presumptions and burden of proof.    *Practice, Civil,* Conduct of trial.

Where a passenger on a box car of a street railway company, who was familiar "with the running of cars on" that "particular line" and who, when standing upon the front platform of the car because the inside of the car was crowded, with his back against the door opening from the car and grasping the side of the doorway with both hands, was thrown out of the car when it passed over a curve with a violent lurch, in an action brought by him against the street railway company for injuries so received, the question of his due care was held to be for the jury.

In the same action, it appeared that a rule of the defendant known by the motorman required that "the cars must be operated slowly and with special care over frogs, switches, crossovers and sharp curves," and there was evidence that the lurch which threw the plaintiff from the car was "an unusual one," that the car "speeded up some" and was going "fast," and that the plaintiff "went head first out of the door." *Held,* that the question of negligence of the motorman was for the jury.

Evidence that a passenger, who was standing on the front platform of a box car of a street railway company, with his back against the door that opened into the interior of the car and grasping the "sill" of the door, "went head first out of the door" of the car on to the ground, will warrant findings, not only that the motorman was violating a rule of his employer which required that "the cars

must be operated slowly and with special care over frogs, switches, crossovers and sharp curves," but also that he was wanting in ordinary prudence because he was operating the car at a speed which he must have known was so excessive that, unless it was slackened, the safety of the passengers might be imperilled.

Where the counsel for a plaintiff asks a question of a witness at a trial, requesting the witness not to answer until the opposing counsel has an opportunity to object, and, upon the opposing counsel objecting, the trial judge first states that he is "inclined to think that" the plaintiff has "a right to ask the question, if" he wants to press it, but that he does not remember "any case just like that;" and then upon the plaintiff's counsel saying "I don't myself," the trial judge states, "I think that it would be safer not to ask it, but I leave that for you to decide," and the plaintiff's counsel withdraws the question, no error is committed by the judge, his comments being within his discretionary power in regulating the conduct of the trial.

TORT for personal injuries alleged to have been caused by the plaintiff being thrown from the front platform of a crowded street railway car of the defendant when the car went around a curve with a lurch. Writ dated January 9, 1914.

In the Superior Court the case was tried before *Dana,* J. During his direct examination the plaintiff was asked, "When you were riding on that car that night in the way that you were, did you — don't answer the question until after Mr. McLellan [the defendant's counsel] has a chance to object to it — did you have any knowledge or appreciate that there was any danger to you in riding in that front vestibule?" The counsel for the defendant objected, whereupon the judge asked the counsel for the plaintiff if he had reference to the question of due care, and then stated the following: "Well, I am inclined to think that you have a right to ask the question, if you want to press it. There are some cases of somewhat similar character; I don't remember any case just like that." Whereupon the counsel for the plaintiff said, "I don't myself." The judge then said, "I think that it would be safer not to ask it, but I leave that for you to decide; I don't now remember any case similar to that." Whereupon the counsel for the plaintiff said, "Well, I guess as long as there is objection, I won't press it." The talk above stated was all had within the hearing of the jury. The defendant excepted to this proceeding and to the statement of the judge above set forth, and in taking his exception stated "that the evidence was either admissible or inadmissible; that such a course of proceeding in front of the jury could not be other than prejudicial to the defendant."

The material evidence and the other exceptions of the defendant are described in the opinion.

There was a verdict for the plaintiff in the sum of $15,000; and the defendant alleged exceptions.

*H. D. McLellan*, for the defendant.

*J. H. Vahey*, (*P. Mansfield* with him,) for the plaintiff.

BRALEY, J. This is an action of tort for personal injuries, and, the plaintiff having obtained a verdict, the case is here on the defendant's exceptions to the refusal of the trial judge to rule that "Upon all the evidence the plaintiff cannot recover;" that "There is no sufficient evidence of negligence on the part of the defendant's motorman, and the jury are hereby directed to return a verdict for the defendant;" that "If the jury should find that the plaintiff had a firm hold of some part of the car and the lurch was of such a nature as to break such hold, such facts so found would not warrant the jury in finding specific negligence on the part of the defendant's motorman;" that "If the jury believe and find that there was a lurch of the car of such a nature that it had no effect at all upon persons inside the car, the plaintiff cannot recover," and to a colloquy between counsel for the plaintiff and the trial judge while the plaintiff's evidence was being introduced.

It seems necessary to repeat what has been often stated, that the credibility of witnesses and the weight of evidence are not reviewable by this court. The principal questions for decision are whether as matter of law there was any evidence of the plaintiff's due care, or of the defendant's negligence.

As to the first question the jury would have been warranted in finding substantially the following facts. The plaintiff on boarding the car, having found "the place inside was thronged with folks standing having hold of those straps and hanging to the top," stood with his back "against the door of the car that you go into off the landing" until the car from the rate of speed began to lurch when he grasped "the sill of the door . . . with both hands." When the car was passing over the curve of a turnout it lurched so violently that "he went quick out the door down on to the turnout," suffering severe injuries. It is conceded that he was a passenger, and even if he testified that he was familiar "with the running of cars on this particular line" the jury were to say

whether he acted carelessly. *Heshion* v. *Boston Elevated Railway*, 208 Mass. 117, 118, and cases cited.

As to the second question, a rule of the defendant required that "The cars must be operated slowly and with special care over frogs, switches, crossovers and sharp curves," and the motorman called by the defendant was asked in cross-examination, "You knew the rule that in coming in and out of this turnout you knew you should run your car very slowly," replied "Yes, sir." It is true he also said that the car ran "not any faster than four or five miles an hour." But the plaintiff testified that the lurch was "an unusual one," "not an ordinary lurch that threw him off" and a witness in his behalf also a passenger gave evidence, that the car "speeded up some" and was going "fast." The fact moreover, as the jury could find, that the plaintiff "went head first out of the door," as described by this witness, was evidence from which the inference would be warranted not only that the car was operated in violation of the rule, but also the motorman in the exercise of ordinary prudence ought to have known that the speed was so excessive that unless slackened the safety of passengers might be imperilled. The question of the defendant's negligence also was for the jury, and all the requests were rightly denied. *Sweetland* v. *Lynn & Boston Railroad,* 177 Mass. 574, 578. *Spooner* v. *Old Colony Street Railway,* 190 Mass. 132.

Nor is reversible error shown in the conduct of the trial. The colloquy or discussion was within the discretion of the presiding judge whose common law powers of comment as to the reception or exclusion of evidence either offered or proposed has not been curtailed by statute. *Whitney* v. *Wellesley & Boston Street Railway,* 197 Mass. 495, and cases cited.

*Exceptions overruled.*