JOHN M. POWERS *vs.* CITY OF BOSTON.

Suffolk. March 6, 9, 1891. — May 22, 1891.

Present: FIELD, C. J., C. ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Personal Injuries — Defect in Highway — Street Railway — Contributory Negligence.*

It is not necessary that an obstruction in a highway should endanger all modes of public travel in order to be a defect; it is enough that it makes any mode dangerous which the public has a right to use.

In an action against a city by a street car conductor, injured in the evening by a collision with a barrier put up to guard a point where a street had caved in, a witness testified that the danger from the caving in had ceased the morning before. The jury, in connection with an instruction that they might find the barrier to be a defect if such a change had occurred as to render its removal proper, were allowed to decide whether the witness meant that the danger to the public had ceased because the barrier had been put up, or because a further caving in was not to be feared so that it was no longer necessary. *Held*, that . the question was properly left to the jury.

The plaintiff at the time of the accident stood upon the running board of an open car collecting fares, and, his person, which he allowed to project beyond the outer edge of the board, coming in contact with the barrier, which was placed within two inches of such outer edge, he was knocked off and sustained the injuries in question. He admitted that he had a general idea that there were some obstructions there, but testified that he did not know they were so near or so dangerous as they were. *Held*, that the question of the plaintiff's negligence was properly left to the jury.

The accident happened at a little after sunset on September 7, and there was evidence that it was misty. Both the plaintiff and a passenger on the car testified that they did not notice any lights on the barrier. *Held*, that the questions whether it was dark, and whether the barrier was lighted, were properly left to the jury.

TORT for personal injuries occasioned to the plaintiff by an alleged defect in Washington Street in the defendant city. At the trial in the Superior Court, before *Staples*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which, so far as material to the points decided, appear in the opinion.

*W. S. B. Hopkins & C. T. Davis*, for the defendant.

*A. Hemenway & C. S. Knowles*, for the plaintiff.

HOLMES, J. This is an action to recover damages for personal injuries alleged to have been caused by a defect in a highway. The plaintiff was a conductor of a street car, and at the time of the accident was standing on the running-board of an open car, collecting fares, when he was knocked off and injured by being carried against a post planted in the highway within two inches of the edge of the running-board. The post was part of a barrier which had been put up as a guard where the street had caved in because of an excavation for a new building at the corner of Court Street and Washington Street.

On the question whether the barrier was a defect, the jury were instructed, in substance, that if the barrier as it stood was reasonably necessary to protect the public at the time of the accident, and if its position was indicated by sufficient lights, it

was not a defect, no matter how near it came to the railroad track; but that if it was not necessary, if it was carried too far into the street, if it was constructed so as to be a danger to public travel rather than a safeguard, the jury might find it to be a defect; or if the danger had been ended long enough reasonably to have enabled the posts to be removed, then it was a defect. These instructions are not much questioned as abstract propositions, and in our opinion they were correct. It is true that, under the circumstances supposed, the barrier might not be a defect as towards people travelling on foot or in carriages, and that it might be one relatively to the street cars only by reason of its nearness to the track and their inability to turn out. But it is not necessary that a matter complained of should endanger all modes of public travel in order to be a defect. It is enough that it makes any mode dangerous which the public have a right to use. The ground is, not that street cars have greater rights than the public at large, but that travel by means of the street cars is one of the rights of the public at large. See *Gregory* v. *Adams*, 14 Gray, 242, 247; *Arey* v. *Newton*, 148 Mass. 598.

It is objected, however, that the instructions given allowed the jury to find that there had been such a change as to make it proper to remove the barrier, whereas in fact there was no such evidence. The question turns on the meaning of a witness, the inspector of buildings, in testifying that on Saturday morning the danger from the caving in had ceased, — the accident having happened Saturday evening. It was left to the jury to say whether he meant that the danger to the public had ceased because the posts had been put in as a protection against it, or because the danger of a further caving in of the street was over, so that the barrier was no longer necessary. Whatever we might have thought if all the language used by this witness had occurred in a written deposition, we cannot say that his words may not have admitted of two interpretations by those who heard them, and therefore we find no error here.

An exception is taken to leaving the question of the plaintiff's negligence to the jury. So far as the ruling requested rested upon the plaintiff's knowledge, it is to be observed that, while he admitted that he had a general idea that there were some

obstructions there, he said that he did not know that they were so near to the car or so dangerous as they were. No doubt, if a man voluntarily runs into a danger which he fully appreciates, in common cases he cannot recover for it, and it is rather a question of words than of substance whether he shall be called negligent, or shall be said to have taken the risk. *Miner* v. *Connecticut River Railroad*, 153 Mass. 398. But a man does not take the risk of every danger which may arise from certain causes merely because, in a general way, he is aware of the existence of those causes. *Thomas* v. *Western Union Telegraph*, 100 Mass. 156, 158. *Barton* v. *Springfield*, 110 Mass. 131. *Dewire* v. *Bailey*, 131 Mass. 169. *Lawless* v. *Connecticut River Railroad*, 136 Mass. 1, 5. *Ferren* v. *Old Colony Railroad*, 143 Mass. 197, 199. *Kelly* v. *Blackstone*, 147 Mass. 448, 451.

So far as the request for a ruling that the plaintiff was negligent was put upon the ground that he was standing on the running-board and allowed his person to project beyond the outer edge of the board, there can be no doubt, we think, that the question would be left to the jury in an action against the railroad company. *Meesel* v. *Lynn & Boston Railroad*, 8 Allen, 234. *Fleck* v. *Union Railway*, 134 Mass. 480. *City Railway* v. *Lee*, 21 Vroom, 435. *Geitz* v. *Milwaukee City Railway*, 72 Wis. 307. *Dahlberg* v. *Minneapolis Street Railway*, 32 Minn. 404. *Dickinson* v. *Port Huron & Northwestern Railway*, 53 Mich. 43. *Germantown Passenger Railway* v. *Walling*, 97 Penn. St. 55. *West Philadelphia Passenger Railway* v. *Gallagher*, 108 Penn. St. 524, 528. It is true that in such an action the plaintiff has the advantage that the defendant invited the conduct which it now alleges to have been negligent, but the reasoning of the cases is not wholly dependent upon this fact, and the same conclusion has been reached in actions against third persons in cases of collision. *Spofford* v. *Harlow*, 3 Allen, 176. *Connolly* v. *Knickerbocker Ice Co.* 114 N. Y. 104. There are many things to be considered in deciding upon the character of the plaintiff's conduct, and we cannot say that it seems to us so plainly negligent that the question should have been taken from the jury.

The only other point which is argued for the defendant is, that the judge sent the case to the jury in such a way that they may have found for the plaintiff on the ground that, although

the barrier necessarily was placed and left where it was, it was not lighted, and a light was necessary at the time of the accident, whereas, it is said, there is no evidence that it was dark or that there were no lights. But there was some evidence for the plaintiff on both points. The accident happened at or a little after sunset on September 7, and there was testimony that it was misty. The plaintiff and a passenger testified that they did not notice any lights. *Johanson* v. *Boston & Maine Railroad*, 153 Mass. 57. Without considering more nicely what would constitute a *prima facie* case entitling the plaintiff to go to the jury, we are of opinion that a new trial must be denied, and we reach the matter the more readily in view of the fact that the defendant did not ask a ruling that there was no evidence that the barrier was not lighted, and that the exception to the charge did not call the attention of the judge or the opposing counsel to the points now relied upon except in a very indirect way. *Exceptions overruled.*