## Staunton

### THE VIRGINIAN RAILWAY COMPANY V. BELL.

September 11, 1913.

Absent, Keith, P.

1. NEGLIGENCE—*Contributory Negligence—Instructions.*—Where there is evidence in a case tending to show such contributory negligence on the part of the plaintiff as would bar his recovery, the defendant is entitled to have the question of the contributory negligence of the plaintiff clearly and fully submitted to the jury, and not by mere implication, nor by an instruction on the burden of proof, which refers only in the most general way to the care required on the part of the plaintiff.

2. INSTRUCTIONS—*Error—When Court to Correct—Negligence—Contributory Negligence.*—Where the evidence tends to show negligence on the part of the defendant and also contributory negligence on the part of the plaintiff, and the jury have been fully instructed as to the former, it is error to leave the jury uninstructed on the latter where the court has been requested to instruct on that subject, but the proffered instruction contains an erroneous statement of the law. The court ought to have corrected the proffered instruction or given one in lieu of it which as fully and distinctly submitted to the jury the theory of the defendant as to the contributory negligence of the plaintiff as the instructions given for the plaintiff submitted his theory of the negligence of the defendant.

3. NEGLIGENCE—*Question for Jury.*—The absence of a hook with which to fasten back a car door being the ground of the negligence charged against a defendant, the question of whether or not the plaintiff, in the circumstances surrounding him, would have made use of the hook, if one had been provided, should be left to the jury, for the absence of the hook could not have been the proximate cause of the plaintiff's injury if he would not have used it had it been in place.

4. INSTRUCTIONS—*Evidence to Support.*—It is not error to refuse an instruction when there is no sufficient evidence on which to base it.

5. CARRIERS—*Passengers—Mail Clerk—Assumption of Risk—Contributory Negligence.*—A mail clerk on a railway train occupies the position of a passenger. He does not assume the risk of the defective car in which he works, but, knowing of the defect, he is bound to use ordinary care for his own protection; and if in consequence of his failure to do so he is injured, he is guilty of contributory negligence, which will bar his recovery.

Error to a judgment of the Circuit Court of Montgomery county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Hall & Woods, Hunter J. Phlegar* and *G. A. Wingfield,* for the plaintiff in error.

*A. B. Hunt* and *Abram P. Staples, Jr.,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

This action was brought by the defendant in error, O. C. Bell, to recover damages for personal injuries caused, as alleged, by the negligence of the plaintiff in error, the Virginian Railway Company. Upon the trial of the cause there was a verdict and judgment against the railway company, and to that judgment this writ of error was awarded.

The first error assigned is to the action of the court in giving the following instructions asked for by the plaintiff:

"I. The court instructs the jury that if they believe from the evidence that the plaintiff on October 26, 1911, was United States railway mail clerk and in the discharge of his duties as railway mail clerk on combination mail and baggage car No. 23 of train No. 14 of the defendant railway

company, was injured by being struck on the neck by the sliding door of said car, and that his said injury was caused by the absence of a fastener or hook on the sliding door of said car; that a reasonably safe hook or other fastener could have been provided for and attached to said door by the exercise of the utmost care on the part of the defendant company, and that the exercise of the utmost care for the protection of the said plaintiff on the part of the defendant company required that said company should provide a reasonably safe hook or other fastener for said door; and that the said plaintiff's injuries resulted solely and proximately from such negligence of said defendant in not exercising the utmost care to provide said hook, then the jury shall find for the plaintiff and assess his damages at such sum as they may believe he has sustained, not exceeding the amount alleged in the declaration."

"II. The court instructs the jury that if they believe from the evidence that the plaintiff on October 26, 1911, was a United States railway mail clerk in the discharge of his duties as railway mail clerk on combination mail and baggage car No. 23 of train No. 14 of the defendant railway company, was injured by being struck on the neck by the sliding door of said car, and that his injury was caused by the fact that said combination mail and baggage car No. 23 was being run with the mail end of said car to the rear instead of with the mail end of said car forward; and that said car could have been run with its mail end forward by the said defendant company by the exercise of the utmost care on its part, and the exercise of the utmost care on the part of the defendant for the protection of the said plaintiff required that said defendant should run the said combination car with its mail end forward, and that said plaintiff's injuries resulted solely and proximately from said defendant's negligence in not exercising the utmost care to run said car with its mail end forward, then

the jury shall find for the plaintiff and assess his damages at such sum as they may believe he has sustained, not exceeding the amount alleged in the declaration, to-wit, the sum of $15,000.

"III. The court instructs the jury that if they believe from the evidence that the plaintiff on October 26, 1911, was a United States railway mail clerk and while in the discharge of his duties as railway mail clerk on combination mail and baggage car No. 23 of train No. 14 of the defendant railway company, was injured by being struck on the neck by the sliding door of said car; that said train No. 14 on which plaintiff was being carried was being negligently run at an excessive rate of speed, and was suddenly and negligently checked, and that as a result of said excessive rate of speed and said sudden checking, that said sliding door of said car struck the said plaintiff on his neck and injured him; and that said excessive speed and sudden checking of said car could have been avoided by the exercise of the utmost care on the part of the defendant railway company; and that said plaintiff's injuries resulted solely and proximately from the negligence of said defendant in failing to use the utmost care to avoid running its train at an excessive rate of speed and to avoid a sudden checking of the speed of said train, then they shall find for the plaintiff and assess his damages at such sum as they may believe he has sustained, not exceeding the sum of $15,000, the amount sued for.

"IV. The court instructs the jury that if they believe from the evidence that the plaintiff on October 26, 1911, was a United States railway mail clerk and in the discharge of his duties as railway mail clerk on combination mail and baggage car No. 23 of train No. 14 of the defendant railway company, was injured by being struck on the neck by the sliding door of said car, and that his said injury was caused by the fact that said car was being run with mail end to

the rear, and by the fact that said car was equipped with a sliding door instead of a hinge door, and further by the fact that there was no hook or other reasonably safe fastener provided for said sliding door, and further by the fact that said train No. 14 was being negligently run at an excessive rate of speed, and that the speed of said train was suddenly and negligently checked, and that said defendant company, by the exercise of the utmost care could have run said car with mail end forward, and could have provided a hinge door in lieu of a sliding door, for said car; and further could have provided a reasonably safe hook or other fastener for said sliding door; and that the exercise of the utmost care for the protection of the said plaintiff, on the part of said defendant company, required that said company should run said car with the mail end forward, and should provide said car with a hinge door instead of a sliding door, and should provide a reasonably safe hook or other fastener for said sliding door, and that such utmost care on the part of the defendant for the protection of the plaintiff required that it, the defendant, avoid such running at such excessive speed and sudden stopping, and that said plaintiff's injuries resulted solely and proximately from any one of the above mentioned acts of negligence of said defendant, or from the concurrence of two or more of said acts of negligence, then the jury shall find for the plaintiff and assess his damages at such sum as they may believe he has sustained, not exceeding the sum of $15,000.00."

Each of these instructions is objected to upon the ground that they leave out of view the defendant company's theory of the case—that the plaintiff was guilty of contributory negligence. This objection may be considered in connection with the refusal of the court to give the defendant's instruction No. 6, which is also assigned as error.

There was evidence tending to show that the plaintiff knew of the alleged defective condition of the car; that it

was not being run with its mail end next to the engine, as he claims it should have been; that the door of the car would shut upon the sudden application of the brakes when the train was running rapidly; that such application of the brakes might occur at any time; and that he could have taken but did not take any precautions for his protection at the time he was injured. The defendant was therefore entitled to have the questions of contributory negligence clearly and fully submitted to the jury. The plaintiff's instructions 1, 2, 3 and 4 distinctly and fully submitted the plaintiff's theory of the case to the jury. While in each of those instructions the jury are told that if they believe the facts hypothetically stated in them they must find for the plaintiff, yet in neither of them is there the usual qualification (where there is evidence tending to show that the plaintiff was not in the exercise of due care), "unless they believe that he was guilty of contributory negligence." See *A. C. L. Ry. Co.* v. *Caples,* 110 Va. 514, 519, 66 S. E. 855.

The plaintiff insists that the qualification as to contributory negligence is contained in the requirement in his instructions 1, 2, 3 and 4, that the jury should believe that the alleged acts of negligence on the part of the defendant were the sole and proximate cause of the accident, before they could find for him, and in his seventh instruction.

That instruction is as follows: "The court instructs the jury that if the defendant company relies upon contributory negligence of the plaintiff, as a defense to this action, then unless the same appears from the testimony introduced by the plaintiff the burden of proving such contributory negligence on the part of the plaintiff is upon the defendant, and it must appear by a preponderance of the evidence that said plaintiff failed to exercise, for his own safety, that degree of care, under all the circumstances of this case, which a reasonably prudent person, using ordinary care, would have exercised."

The plaintiff's instructions Nos. 1, 2, 3 and 4 only submit the question of contributory negligence to the jury by implication, and his instruction No. 7 is directed chiefly to telling the jury upon whom was the burden of proof on that issue, and only in the most general way refers to what would constitute due care on the part of the plaintiff. These instructions not only did not submit fully and clearly the question of contributory negligence to the jury, but the court refused to give the defendant's instruction No. 6, which was in these words:

"The court instructs the jury that although they may believe from the evidence that at the time the plaintiff claims he was injured the defendant was negligent in using a mail car with a sliding door and without a hook to hold the door open, or in so placing the mail car in the train that the door would slide shut in the direction the train was moving, or in running the train at an excessive rate of speed and stopping it suddenly, yet if they further believe from the evidence that the plaintiff knew of the condition of said door and the position the mail car was placed in the train, that the train was running at a rapid rate of speed and might possibly be suddenly stopped at any time, and with knowledge of these facts the plaintiff thrust his head out of the door without using the means or precautions which he could have used to properly hold the door open, then the plaintiff was guilty of contributory negligence, and they must find for the defendant."

That instruction sets out the facts relied upon by the defendant to show that want of due care on the part of the plaintiff at the time of the accident, and while it declares that these facts as a matter of law would make out a case of contributory negligence, instead of leaving that question to the jury, still as the instructions given for the plaintiff did not distinctly and fully submit that question to the jury, the court under the circumstances ought to have cor-

rected instruction No. 6 or given an instruction in lieu of it which as fully and as distinctly submitted to the jury the theory of the defendant as to contributory negligence on the part of the plaintiff, as the instructions given submitted the theory of the plaintiff as to the negligence of the defendant.

Instructions Nos. 1 and 2 are also objected to upon the ground that they are in conflict with the defendant's instruction No. 8. That instruction told the jury that there could be no recovery under either count in the declaration, "unless the train approached the station at Ironto at a rapid rate of speed and that the speed of said train was so suddenly checked as to cause the mail car to lurch forward with greater violence than ordinarily attends the stopping of trains, and that as a result thereof the door of the mail car slid shut with such force" that it caused the injury complained of.

The evidence tended to show that the use of the mail car with a hanging door without hooks, or the running of the car with the wrong end foremost, could not have caused the sliding door to shut suddenly and violently unless the train was running rapidly and was suddenly checked. That this was the case was recognized by the pleader in framing his declaration, for in the first and fourth counts the rapid running and sudden checking of the train are charged to have been negligent, and in the second and third counts, while these acts are not alleged to have been done negligently, yet the allegations show that the accident could not have happened but for such rapid running and sudden checking.

But it is insisted by the plaintiff that his instructions (Nos. 1 and 2) require the jury to so believe before they could find for him, since his right to recover under either of said instructions is made to depend upon the fact that the sole and proximate cause of his injuries was the act or acts of negligence hypothetically stated in each.

While instructions Nos. 1 and 2 are not as clear upon that point as they might be, yet when read in connection with instruction No. 8 we do not think that the jury could have believed that the plaintiff was entitled to recover unless they had further believed that the train was running rapidly and was stopped suddenly when he was injured. But as the judgment will have to be reversed upon other grounds, it would be better to make the instructions given upon the next trial clear upon this question.

Another objection made to instruction No. 1 is that there was evidence tending to show that, under the circumstances disclosed by the plaintiff's own evidence, he would not have used the hook if it had been in place. He stated that when the engineer blew the signal for the station, "I was changing my clothes; I pulled on my breeches. I didn't have no undershirt on, and when I ran to the door and looked out to see where I was, and just as I looked out he put his air on." One of the plaintiff's witnesses, also a mail clerk, testified that a mail clerk who was only looking out to see if the mail was up would not think of the hook, but would hold the door open with his hand. It is true that the plaintiff himself testified that he had no way of holding the door open while he was preparing to catch the mail, but he does not deny that in looking out to see where he was or whether or not the mail was up he could have held the door open with his hand. Opening the door to see where the train was or whether or not the mail was up required but a moment of time, and it is highly probable that under the circumstances disclosed by his own evidence the plaintiff would not have used or thought of the hook, as his own witness testified.

There being evidence tending to show that if the hook had been in place a mail clerk under like circumstances would not have used it, the question of whether or not the plaintiff would have used it to fasten the door before look-

ing out ought to have been left to the jury, for the absence of the hook could not have been the proximate cause of the plaintiff's injury if he would not have used it if in place.

The next assignment of error is to the action of the court in refusing to give instructions numbered 4, 5, 6, 10 and 11 offered by the defendant.

Instruction No. 4 was properly rejected. While there is evidence tending to show that a mail clerk in looking out of the door to see where his train was, or whether the mail was up would not have used the hook if it had been in place, under the circumstances testified to by the plaintiff (and hereinbefore discussed in considering the last objection to the plaintiff's instruction No. 1), there is no sufficient evidence to show that in handling the mails at the stations he would not have used the hook, or that it was not commonly used while actually handling the mail at stations, to justify the giving of the instruction as offered.

Instructions Nos. 5 and 10 were also properly refused. Each of these instructions made the plaintiff's right to recover depend upon the fact that the defendant was guilty of negligence in the running of its train. Under the second and third counts in the declaration the right of the plaintiff to recover does not depend upon the negligent running of the train, but upon the character and condition of the mail car and the manner in which it was placed in the train. While under the allegations of these counts the accident would not have resulted but for the rapid running and sudden stopping of the train, there is no allegation that the defendant by such rapid running and sudden stopping was guilty of negligence.

The objection to instruction No. 6 was discussed in considering the assignment of error as to the giving of the plaintiff's instructions, and need not be referred to further.

Neither did the court err in rejecting the defendant's instructions Nos. 11 and 12. By instruction No. 11 the

court was asked to tell the jury that if the plaintiff knew for several months before the accident that there was no hook to hold the mail car door open, and that it was dangerous to operate it without a hook, and the plaintiff continued to perform his duties as mail clerk without reporting the absence of a hook and without a promise from the defendant to replace it, the plaintiff assumed the risk and could not recover. By instruction 12 the jury were to be told that if the plaintiff knew of the absence of the hook and that it was dangerous to operate the car without it and continued to perform his duties as mail clerk without reporting the absence of the hook to the chief clerk of the railway mail service, or to the defendant, then he was guilty of contributory negligence and they must find for the defendant. The effect of both of these instructions was to hold that the plaintiff had assumed the risk resulting from the absence of hooks on the car door. If the failure to place and keep hooks on the car door was negligence on the part of the defendant and the plaintiff knew of their absence, it was his duty to exercise reasonable or ordinary care in using the door in his work, and if he failed to do so he was guilty of contributory negligence and could not recover. But in discharging his duties as mail clerk in the car in its alleged defective condition without informing the railway mail service or the defendant of the defective condition of the car, he did not assume the risk of damage resulting from the absence of hooks, nor did his failure to so notify either deprive him of the right of recovery. The relation which the plaintiff bore to the defendant as a common carrier imposed upon it the same degree of care for him that it was bound to exercise toward its other passengers. *N. & W. Ry. Co.* v. *Shott,* 92 Va. 34, 44, 22 S. E. 811. See *Lindsay* v. *Pa. R. Co.,* 26 App. Cas. (D. C.) 503, 6 Ann. Cases, 862, and note 863--865 and authorities cited. It was incumbent, therefore, upon the defendant to see that its

mail car was such as it was its duty to furnish and maintain, and if it failed to do so the plaintiff was entitled to recover, unless he was guilty of contributory negligence. It would scarcely be contended that if an ordinary pessenger on a passenger train had known for weeks or months that the car upon which he was accustomed to travel was in a defective condition, by reason of which defect he was injured while in the exercise of reasonable care on his part that he could not recover because he had failed to inform the carrier of such defect, a defect which under the high degree of care imposed upon it, it was bound to have knowledge of and remedy.

Another error assigned is to the refusal of the court to permit a map or drawing which purported to be a standard plan of the United States railway postal compartment cars. The objection made to the paper offered was that it was offered as a copy and that it was not authenticated as provided by section 3343 of the Code, nor was there evidence that it had been compared with the original and found to be a correct copy.

The ruling of the court seems to have been proper from what appears in the record, but as the objection made to the paper can be cured before or at the next trial it will be unnecessary to pass upon the question.

The remaining assignment of error is to the refusal of the court to set aside the verdict. As the judgment complained of must be reversed, this assignment of error will not be considered, as the evidence may and the instructions will be different on the next trial.

The judgment will be reversed, the verdict set aside and a new trial awarded to be had not in conflict with the views expressed in this opinion.

*Reversed.*