# Wytheville.

## STANDARD OIL COMPANY OF NEW JERSEY V. A. L. ROBERTS.

### June 16, 1921.

1. CONTRIBUTORY NEGLIGENCE—*Passenger Riding on Running Board —Violation of Ordinance—Instruction Ignoring Defendant's Theory.*—Plaintiff was injured while a passenger standing on the running board of a trailer car by reason of a collision with the wheel or rear end of a wagon belonging to defendant. The court at the instance of plaintiff instructed the jury that they must find for plaintiff if the negligence of the defendant in having his wagon standing in the street in violation of an ordinance was the sole proximate cause of the injury. While theoretically correct this instruction should have included some reference to the opposing contention of the defendant, namely, that a proximate, efficient, or concurring cause of the injury was the negligence of the plaintiff himself in violating another ordinance of the city.

2. CONTRIBUTORY NEGLIGENCE—*Passenger Riding on Running Board —Violation of Ordinance—Instructions.*—Where plaintiff was injured while riding on the running board of a street car by a collision with defendant's wagon, the refusal of the trial court to instruct the jury that if plaintiff was riding on the running board of the car in violation of an ordinance, and this position of plaintiff was a proximate cause and contributed to his injury; he was guilty of contributory negligence and could not recover, was reversible error.

3. CONTRIBUTORY NEGLIGENCE—*Violation of Ordinance—Questions for Jury.*—If the violation by plaintiff of a city ordinance directly contributes to the injury as a proximate and concurring cause, then the plaintiff cannot recover. The jury is not permitted to decide whether or not the violation of an ordinance under such circumstances is negligence. Manifestly, such a violation is negligence, and the jury should be clearly told so; leaving them to determine, in proper cases, whether, considering all the attendant circumstances, such negligent unlawful act of the plaintiff was a concurring, contributing and efficient cause of the injury.

4. STREETS—*Ordinance—Horse or Vehicle "Left Standing."*—An ordinance forbade the leaving of a horse or vehicle standing in a street of the city. It was not intended by this language to provide that it would be an offense merely to stop a horse and vehicle in a street. The obvious meaning of the words "left standing," in this connection, is left unattended and uncontrolled, hence a menace to others.

5. NEGLIGENCE—*Injury to Passenger Riding on Running Board of Car —Sufficiency of Declaration.*—Plaintiff was injured while a passenger standing on the running board of a trailer car by reason of a collision with the wheel or rear end of a wagon belonging to defendant. Suit was originally instituted against both the street railway company and defendant and the declaration as drawn related chiefly to the negligence of the railway company, but it also alleged that the defendant negligently suffered and permitted the horse and wagon to be and remain in such close proximity to the tracks of the railway company as to constitute an obstruction of said tracks, and because of this negligence the accident occurred.

    *Held:* Upon dismissal by plaintiff of the action against the railway company, that this language was sufficient upon demurrer by defendant.

Error to a judgment of the Court of Law and Chancery of the city of Norfolk in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Robt W. Shultice,* for the plaintiff in error.

*S. M. Brandt* and *Herman A. Sacks,* for the defendant in error.

PRENTIS, J., delivered the opinion of the court.

A. L. Roberts, hereinafter called the plaintiff, was injured while a passenger standing upon the running board of a trailer car of the Virginia Railway and Power Com-

pany, by reason of a collision with the wheel or rear end of a wagon of the Standard Oil Co. (N. J.), hereinafter called the defendant. There was a verdict and judgment in favor of the plaintiff, and the defendant alleges certain reversible errors occurring at the trial.

The negligence upon which the plaintiff relies grows out of the allegation that the horse and vehicle were left standing in the street in violation of a city ordinance, which reads thus: "No horse and cart, or horses and other vehicles shall be left standing in any street or lane of the city by the owner or driver thereof, and no horse shall be fed on any street or lane of the city under the penalty of $2.00 for every offense; but this shall not apply to horses fed at the market during market hours."

The evidence indicates that the horse and wagon were left by the driver unattended and uncontrolled while he delivered certain cans of oil to customers on the opposite side of the street, though there is conflict as to this, there being also testimony introduced by the defendant to the effect that a small boy was left in charge.

The defendant relied chiefly for its defense upon the fact that the plaintiff himself was violating another ordinance of the city which prohibits passengers from standing on the running boards of cars, or from riding on the steps of any cars. This is the same ordinance which is referred to in *Virginia Ry. & Power Co.* v. *Cherry*, decided January 20, 1921, 129 Va. 262, 105 S. E. 651.

The title of the ordinance relates to the operation of street cars, and the providing for the safety and comfort of passengers on such cars in the city. As originally enacted it provided that passengers should not stand or be permitted to stand on the running boards of open cars, or to ride on the steps of any car, but because of the sudden and great increase in the population of the city arising out of war activities and the consequent overcrowding of the

street cars, the ordinance was changed by the board of control, and while the street car company was relieved of the obligation to prevent passengers from riding on the running boards or steps of its cars, the inhibition remained effective as to the passengers.

At the instance of the plaintiff, the court gave this instruction to the jury: "The court instructs the jury that if they believe from the evidence that the ordinances of the city of Norfolk prohibit the owner or driver of a horse and cart, or horse and other vehicle, from leaving standing in any street such horse and vehicle, and that the servants of the defendant, the Standard Oil Company, left standing on Church street its horse, hitched to its wagon, not properly attended, and that while said horse was left standing on said Church street, so hitched to said wagon, the horse backed the wagon into the street car upon which the plaintiff was riding as a passenger, and that the sole proximate cause of the injury sustained by the plaintiff as alleged in the declaration, was caused thereby, they must find for the plaintiff against the said Standard Oil Company."

The defendant offered the following instruction, which was refused: "The court instructs the jury that if they believe from the evidence that an ordinance of the city of Norfolk provided that passengers shall not stand or be permitted to stand on the running boards of open cars in the city of Norfolk, and if they further believe from the evidence that the plaintiff, at the time of the injury complained of, was riding upon the running board of such a car, and that the position so assumed by the plaintiff was a proximate cause of, and directly contributed to, the injury sustained by the plaintiff, then the plaintiff was guilty of contributory negligence, and the jury must find for the defendant, the Standard Oil Company."

[1-2] This refusal is assigned as error.

It is noted that the instruction given for the plaintiff makes no reference whatever to the fact that he was himself standing upon the running board of the car, in violation of the city ordinance. It is theoretically correct, in that it tells the jury that they must find for the plaintiff if the negligence of the defendant which is charged was the sole proximate cause of the injury complained of. It is not sufficient, however, in a case of this sort, thus to submit such a question of fact as that here arising to a jury without either explanation or qualification, for courts and writers have long been debating proximate cause and undertaking to define it. The debate continues, and the practical difficulties of either defining it or applying the definitions already given to concrete cases multiply rather than diminish. Such an instruction should properly have included some reference to the opposing contention of the defendant, namely, that a proximate, efficient, or concurring cause of the injury was the negligence of the plaintiff himself in violating another ordinance of the city. Perhaps this error could be disregarded if the court had given the instruction No. 1 which the defendant prayed for. This instruction, however, was refused, and in our view this clearly constitutes reversible error, for it is similar to instructions "A," "B" and "E," which were approved by this court in *Southern Ry. Co.* v. *Rice,* 115 Va. 235, 78 S. E. 592.

[3] The question involved is whether the violation of an ordinance, which certainly, either as a cause or condition, bears some relation to the plaintiff's injury, is a matter of law contributory negligence, or is merely evidence tending to show such contributory negligence. That case clearly holds that if an act which is prohibited by city ordinance, directly contributes to the injury as a proximate and concurring cause, then the plaintiff cannot recover. The jury is not permitted to decide whether or not the violation

of an ordinance under such circumstances is negligence.
Manifestly, such a violation is negligence, and the jury
should be clearly told so; leaving them to determine, in
proper cases, whether, considering all the attendant cir-
cumstances such negligent unlawful act of the plaintiff was
a concurring, contributing and efficient cause of the injury.

While this principle is, we believe, almost if not univer-
sally recognized, there is great practical difficulty in apply-
ing it. As is said in *Newcomb* v. *Boston Protective Depart-
ment,* 146 Mass. 596, 602, 16 N. E. 558, 4 Am. St. Rep. 359:
"The best minds often differ upon the question whether in a
given case illegal conduct of a plaintiff was a direct and
proximate cause contributing, with others, to his injury, or
was a mere condition of it; or, to state the question in an-
other way (appropriate to the reason of the rule), whether
or not his own illegal act was an essential element in his
case, as disclosed upon all the evidence." It is impossible to
reconcile the cases. Whatever criticisms may justly be made
of the decisions or assumptions in certain cases, either that
the illegal action of the plaintiff directly contributed to the
injury, or should be treated merely as a concurring cause,
or where a distinction is drawn between concurring causes
and mere conditions, or attendant circumstances, there has
been no difference of opinion about the rule that when a
plaintiff's illegal conduct does directly contribute to his
injury it defeats his recovery.

In this case there was evidence tending to show that the
horse did not back, as well as evidence tending to show that
he did. But the distance between the running board of the
car and the rear of the wagon is shown to have been only
eight inches, so that a very slight movement of the horse
would have pushed the wagon back against the side of the
car. It seems to us manifest that the court erred in re-
fusing to instruct the jury clearly that the plaintiff was
guilty of negligence in violating the ordinance which pro-

hibited him from riding on the running board of the car. This instruction No. 1, which was refused, was strictly in accord with the approved rule, in directing attention to the fact that the plaintiff was himself violating the ordinance, but submitting to the jury the question as to whether the position so assumed by him was a proximate or concurring cause, which directly contributed to his injury. It has been frequently held that the mere fact that the plaintiff is violating the law at the time of the injury bars the recovery; but this is not the general view, and there are many instances in which there is a contemporaneous violation of law by the plaintiff, but there is no causal connection between such violation and the negligence of the defendant which is the direct and proximate cause of the injury.

Citations could be multiplied, and the discussion prolonged, but the practical difficulties cannot be thus removed, and courts will continue to differ as to what conduct in violation of law constitutes a proximate cause of a particular injury and such contributory, concurring and efficient negligence as to bar a recovery; so the tendency is to submit that question to the jury. 22 R. C. L. 149; Ann. Cas. 1913B, 355, note. This issue of fact, in some cases, is involved in so much doubt, difficulty and difference of opinion between the courts and judges of the same court that no other method under our system appears to be available.

There is no conclusive presumption of law that the ordinance relating to passengers standing on the running boards of street cars was clearly intended to prevent such an injury as the plaintiff suffered, or that the defendant was clearly within the class for whose protection this ordinance was designed. One apparent purpose of this ordinance was to prevent injuries which were likely to arise directly out of the operation of the street cars, and it may be fairly questioned whether it was intended to prevent an injury from an entirely independent cause. Its violation there-

fore cannot be held to create an absolute bar to this action, which arises out of the alleged negligent violation by the defendant of the other ordinance which prohibits the leaving of horses in the streets unattended.    Note, 47 L. R. A. (N. S.), 823.    While unquestionably true that the primary cause, without which the injury would not have occurred, was the backing of the wagon, it must nevertheless also be conceded that the position of the plaintiff on the running board was the circumstance or condition without which the injury would not have happened.    Whether the position of the plaintiff upon the running board was a mere condition, or attendant circumstance, of the injury, or was itself a concurring or contributing cause thereto, is an elusive and difficult question about which minds of equal intelligence differ.    In addition to this there are a number of other circumstances which should be considered by the jury as tending to prove contributory negligence which would bar the recovery, such for instance as the fact that the street car was moving slowly at a speed of only six miles per hour, that the plaintiff saw that the wagon was dangerously close to the running board of the car before he reached it, that no one else on the running board was hurt, that passengers were getting on and off of the car during the journey, so that the necessity for his remaining in his position of danger is not apparent.    All of these considerations show that the defendant was entitled to the instruction which was refused.

There are many cases in which recoveries against street car companies have been either sustained or disallowed, where injuries have occurred to passengers while standing upon the running boards of street cars, but these cases afford little aid under the facts of the case in judgment, for the street car company is not now a party to this action. These are a few instructive cases which do not involve such companies:

In *Purington-Kimball Brick Co.* v. *Eckman,* 102 Ill. App. 183, a recovery was sustained against the owner of a wagon, where the plaintiff was struck by the collar of one of the mules while the team was passing the car, thereby thrown to the ground and injured by the wheel of the wagon which ran over him. In that case it appeared that the plaintiff did not see the approaching wagon, and it was held that notwithstanding his position upon the running board of the street car, the question as to whether he was guilty of contributory negligence should be submitted to the jury.

In *Star Brewery Co.* v. *Hauck,* 222 Ill. 348, 78 N. E. 827, 113 Am. St. Rep. 420, a recovery was sustained against the owner of a wagon under an ordinance regulating speed on the streets and prohibiting heedless driving, where the plaintiff, a boy, was also violating another ordinance prohibiting the engaging in sports and games in the streets, having a tendency to frighten horses or interfere with teams or vehicles; and it was held that it must appear that the alleged violation of the ordinance by the boy was the proximate and efficient cause of the injury, and that the trial court properly denied a motion to direct a verdict in favor of the defendant.

In *Powers* v. *City of Boston,* 154 Mass. 60, 27 N. E. 995, in which the jury found a verdict for the plaintiff, a new trial was denied, the pertinent facts being that the plaintiff, a street-car conductor, was injured by a collision with a barrier put up to guard a point where a street had caved in, being at the time of the accident upon the running board of an open car, collecting fares, and having allowed his body to project beyond the outer edge of the board so that he was knocked off. He admitted that he had a general idea that there were some obstructions there, but testified that he did not know that they were so near or so dangerous; and it was held that the question of the plaintiff's contributory negligence was properly left to the jury.

In *Pomaski* v. *Grant*, 119 Mich. 675, 78 N. W. 891, in an action against a paving contractor to recover damages for injuries received by one struck by a plank, or barrier, while riding upon the running board of a street car, the evidence was held sufficient to take the case to the jury on the question of whether the obstruction causing the injury was placed in position by the contractor whose duty it was, under the contract, to erect barriers.

In *Shaffer* v. *Roesch*, 215 Pa. 287, 64 Atl. 511, the evidence was held to sustain a verdict for the defendant in an action for injuries to a person boarding a street car by collision with defendant's wagon, under these circumstances: An ordinance requiring wagons, in stopping on the street, to stop on the right hand side of the highway was held immaterial, although the wagon at the time of the accident was on the left hand side of the street, because the purpose of the ordinance was merely to secure an orderly movement of traffic and not to prevent accidents such as that which happened to the plaintiff by being struck by the end gate of a wagon, which might swing either to the right or to the left, according to the construction of the wagon.

In a note to *Harding* v. *Philadelphia R. T. Co.*, 217 Pa. 69, 66 Atl. 151, 10 L. R. A. (N. S.) 352, there are other pertinent cases; and the general subject of proximate and remote cause in cases involving wrongful acts is discussed in a comprehensive note to *Gilson* v. *Delaware, etc., Canal Co.*, 65 Vt. 213, 26 Atl. 70, 36 Am. St. Rep. 803, at p. 808.

In such cases, if the plaintiff is at the time of his injury violating a city ordinance, but it appears that such violation clearly did not either cause or contribute to the accident, then the case is heard just as if there had been no such violation; but where there is such a violation and an accident, such as was likely to occur from such violation, follows, then the plaintiff must be adjudged, as a matter of law, guilty of negligence, but whether that negligence is a con-

curring or proximate cause of the injury must still be submitted to the jury.

Instructions 2, 3, and 4 of the defendant were properly refused by the court because upon a partial view of the evidence they sought to take the cose from the jury and to instruct them that the negligence of the plaintiff bars his action.

It would have been proper in this case, and more helpful to the jury, to have combined the instruction which was given for the plaintiff with the refused instruction 1 for the defendant, and thus to have presented the entire case to the jury, for there can be no doubt that where there is sustaining evidence, each party is entitled to have his theory of the case thus submitted.

In *Virginian Ry. Co.* v. *Bell,* 115 Va. 429, 79 S. E. 396, Ann. Cas. 1915A, 804, these clear and satisfactory statements appear in the syllabus:

"Where there is evidence in a case tending to show such contributory negligence on the part of the plaintiff as would bar his recovery, the defendant is entitled to have the question of the contributory negligence of the plaintiff clearly and fully submitted to the jury, and not by mere implication, nor by an instruction on the burden of proof, which refers only in the most general way to the care required on the part of the plaintiff."

"Where the evidence tends to show negligence on the part of the defendant, and also contributory negligence on the part of the plaintiff, and the jury have been fully instructed as to the former, it is error to leave the jury uninstructed on the latter, where the court has been requested to instruct on that subject, but the proffered instruction contains an erroneous statement of the law. The court ought to have corrected the proffered instruction or given one in lieu of it, which as fully and distinctly submitted to the jury the theory of the defendant as to the contributory negligence of

the plaintiff as the instructions given for the plaintiff submitted his theory of the negligence of the defendant."

[4] The defendant complains also that the court erred in construing the ordinance forbidding the leaving of a horse and cart standing in the street, because of the interpolation in the instruction given for the plaintiff of the words "not properly attended." We think that this objection is without merit. The language of the ordinance is that no horse and cart shall be "left standing," and it cannot be supposed that it was intended to provide that it would be an offense merely to stop a horse and vehicle in a street. The obvious meaning of the words "left standing" in this connection, is left unattended and uncontrolled (hence a menace to others) and the court properly so construed the ordinance.

[5] It is claimed that the demurrer to the declaration should have been sustained. It appears that the suit was originally instituted against both the Virginia Railway and Power Company and the defendant, but the plaintiff dismissed his action against the street railway company. It is true that the declaration as drawn relates chiefly to the negligence of that company, but it also alleges that the defendant here negligently suffered and permitted the horse and wagon to be and remain in such close proximity to the tracks of the Virginia Railway and Power Company as to constitute an obstruction of said tracks, and that because of this negligence the accident occurred. This language, while not the most appropriate to describe the negligence which is here relied upon, is sufficient, and the demurrer, which was presented before the case was dismissed as to the street railway company, was properly overruled. If the defendant had renewed the demurrer after the case had been dismissed as to the street railway company, it is probable that amendments, using language more appropriate to charge the specific negligence relied on would have been made. The de-

fendant has not been in any way prejudiced by this action of the court.

It is not necessary to discuss the other errors alleged.

The judgment will be reversed and the case remanded for a new trial to be had in accordance with the views here expressed.

*Reversed.*